# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3434

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Western District of Missouri.
Roland S. Vaca,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　　*

_____

Submitted:　April 16, 2002

Filed:　May 10, 2002

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

　　　Roland S. Vaca was indicted for conspiring to distribute more than 100 kilograms of marijuana, a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii) and 21 U.S.C. § 846, for retaliating against a witness by damaging his property, a violation of 18 U.S.C. § 1513(b)(1) and (2), and for retaliating against another witness by beating him, likewise a violation of 18 U.S.C. §§ 1513(b)(1) and (2). He pleaded guilty to the first two charges on May 4, 2000. He later attempted to withdraw his guilty plea, claiming that he was confused about the quantity of drugs

that could be attributed to him for the purposes of establishing his guilt as opposed to how much would be attributed to him for sentencing. The district court[1] rejected the motion and proceeded to sentencing.

The district court rejected Vaca's request for a reduction in the base offense level for acceptance of responsibility, applied a three-level enhancement because Vaca had supervised an extensive conspiracy, and granted a two-level enhancement for obstruction of justice based on Vaca's attempted intimidation of witnesses. The court sentenced Vaca to 188 months on Count I and 120 months on Count II, to be served concurrently, eight years of supervised release on Count I and three years on Count II, to be served concurrently, and $135,739.19 in restitution and $200 in statutory assessments. Vaca appealed, and the case was remanded for an opportunity for allocution. Following the second sentencing hearing, the court imposed the same sentence. Vaca appeals, and we affirm.

Vaca first contends that the district court erred in denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The Sentencing Guidelines permit a two-level reduction in the base offense level if a defendant "'clearly demonstrates acceptance of responsibility for his offense.'" United States v. Hawkins, 78 F.3d 348, 352 (8th Cir. 1996) (quoting U.S.S.G. § 3E1.1(a)). The determination "whether a defendant has accepted responsibility is a factual one, depending largely on credibility assessments by the sentencing judge, who can far better evaluate the defendant's acceptance of responsibility than can a reviewing

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

court." Id. We review for clear error a district court's findings of fact in determining a reduction for acceptance of responsibility. Id. A guilty plea does not necessarily entitle a defendant to this reduction. United States v. Newson, 46 F.3d 730, 734 (8th Cir. 1995).

Vaca argues that he should be granted an acceptance of responsibility reduction notwithstanding his motion to withdraw his guilty plea. He contends that he has never denied that he is guilty of the offense, arguing that his motion to withdraw his plea was based upon his confusion about whether previous marijuana transactions outside the scope of the charged conspiracy would be attributed to him for sentencing. The district court found that Vaca was not laboring under any confusion and that he had lied to the court at his change of plea hearing. These findings are not clearly erroneous, and thus we affirm the district court's denial of an acceptance of responsibility reduction.

Next, Vaca challenges the two-level enhancement for obstruction of justice the district court imposed under U.S.S.G. § 3C1.1. An enhancement for obstruction of justice is based on findings of fact, which we review for clear error. United States v. Thompson, 210 F.3d 855, 860 (8th Cir. 2000). "'An attempt to intimidate or threaten a witness, even if unsuccessful, is sufficient to sustain a two-level enhancement for obstruction of justice.'" Id. at 861 (quoting United States v. Moss, 138 F.3d 742, 746 (8th Cir. 1998)). Under U.S.S.G. § 3C1.1, the defendant must have "willfully" obstructed justice, which requires that he knew that he was under investigation or had "'a correct belief that an investigation [was] probably underway.'" Brown v. United

States, 169 F.3d 531, 536 (8th Cir. 1999) (quoting United States v. Oppedahl, 998 F.2d 584, 586 (8th Cir. 1993)).

The district court found that Vaca and associates had beaten Benito Alvarez, whom they believed to be a snitch, and that Vaca had told Alvarez's brother that "if you say anything about this you are next." The court found that Vaca did this to intimidate these men and others from exposing his drug conspiracy. Vaca's desire to silence a snitch and to intimidate others supports the finding that Vaca believed that he was under investigation, and thus the district court did not err in imposing the enhancement for obstruction of justice.

Vaca also argues that the district court erred in the sentence it imposed on Count II. We find no error here. The district court grouped Counts I and II under U.S.S.G. § 3D1.2(c) and used the grouped counts to find the applicable guidelines range. It then imposed concurrent sentences on each count using that guidelines range, but then correctly reduced the sentence on Count II to the statutory maximum sentence. See, e.g., United States v. Olunloyo, 10 F.3d 578, 581 (8th Cir. 1993) (approving concurrent sentences for counts grouped under the Sentencing Guidelines).

Finally, Vaca argues that 21 U.S.C. §§ 841 and 846 are facially unconstitutional because they do not require the government to charge and prove drug type and quantity, which Vaca contends is required by Apprendi v. New Jersey, 530 U.S. 466 (2000), which holds that any fact that increases a penalty for a crime beyond the prescribed statutory maximum must be charged and proved beyond a reasonable

doubt. <u>Id.</u> at 490.  We have rejected other <u>Apprendi</u>-based facial challenges to § 841. <u>See</u> <u>United States v. Woods</u>, 270 F.3d 728 (8th Cir. 2001).  As in <u>Woods</u>, Vaca's sentences do not violate <u>Apprendi</u>, because they do not exceed the statutory maximum sentence of life imprisonment for a person who has been previously convicted of a felony drug offense.  21 U.S.C. § 841(b)(1)(B).  We note that other circuits have rejected similar challenges to § 841.  <u>See, e.g.</u>, <u>United States v. Buckland</u>, 277 F.3d 1173, 1177 (9th Cir. 2002) (en banc); <u>United States v. Kelly</u>, 272 F.3d 622, 624 (3d Cir. 2001); <u>United States v. McAllister</u>, 272 F.3d 228, 233 (4th Cir. 2001).

The sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-