# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 02-1662

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　　*　　Appeal from the United States
　　　v.　　　　　　　　　　　*　　District Court for the
　　　　　　　　　　　　　　　　*　　Northern District of Iowa.
Steven John Stoltenberg,　　　　*　　　　[PUBLISHED]
　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　*


_____

Submitted:　October 9, 2002
　　　Filed:　October 25, 2002

_____

Before HANSEN, Chief Judge, HEANEY and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Steven John Stoltenberg pleaded guilty to conspiring to distribute 500 or more grams of methamphetamine and cocaine, in violation of 21 U.S.C. § 846, and distributing methamphetamine to persons under twenty-one years of age, in violation of 21 U.S.C. § 859. The district court[1] denied Stoltenberg's request to reduce his offense level for acceptance of responsibility under U.S. Sentencing Guidelines

_____

[1] The Honorable Michael J. Melloy, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Manual § 3E1.1 (2001) and sentenced him to an aggregate of 300 months imprisonment and ten years supervised release. On appeal, Stoltenberg argues that the court clearly erred in denying the reduction for acceptance of responsibility.

The district court enhanced Stoltenberg's offense level for obstruction of justice under USSG § 3C1.1 because (1) while on pretrial release, Stoltenberg distributed methamphetamine several times to three women under the age of twenty-one, and (2) at his detention hearing, Stoltenberg testified falsely before the magistrate judge that he had never distributed drugs in Rockwell, Iowa. Stoltenberg does not challenge this enhancement on appeal, and an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." See id., comment. (n.4). A defendant may receive both an obstruction-of-justice enhancement and an acceptance-of-responsibility reduction in an "extraordinary case[]," see id., but such a case is "extremely rare," see United States v. Honken, 184 F.3d 961, 969 (8th Cir.) (quoted source, internal marks, and emphasis omitted), cert. denied, 528 U.S. 1056 (1999).

A defendant has the burden to establish his entitlement to an acceptance-of-responsibility reduction. See id. at 968. Although "there is no magic formula," the district court should consider the timing and nature of the defendant's obstructive conduct, the degree of his acceptance of responsibility, whether his obstruction of justice was an isolated and early incident, whether he voluntarily terminated his obstructive conduct, whether he admitted and recanted his obstructive conduct, and whether he assisted in the investigation of his and others' offenses. See id. at 968-69.

It is clear from the record that the district court weighed Stoltenberg's obstructive conduct against his acceptant conduct in a manner consistent with this framework. The district court found most troubling Stoltenberg's repeated distribution of methamphetamine to persons under twenty-one while he was on

pretrial release, an ongoing obstruction of justice which terminated only when police arrested him.

The district court took into account Stoltenberg's acceptance of responsibility, but found that it was outweighed by his obstruction of justice. Because "the district court properly considered all of the relevant circumstances," and "the weight assigned to any one factor . . . is within the district court's discretion," we conclude that the court did not clearly err in denying Stoltenberg's request for an acceptance-of-responsibility reduction. See United States v. Perez, 270 F.3d 737, 739 (8th Cir. 2001), cert. denied, 122 S. Ct. 1336 (2002).

We therefore affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3