# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2025

_____

United States of America,

        Appellee,

v.

Jorge Mayorga,

        Appellant.

\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.

\*   [UNPUBLISHED]

_____

Submitted: January 6, 2003
Filed: January 15, 2003

_____

Before LOKEN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Jorge Mayorga appeals from the final judgment entered in the district court[1] upon a jury verdict finding him guilty of conspiring to distribute or possess with intent to distribute 500 grams or more of methamphetamine, 500 grams or more of cocaine, and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846; distributing cocaine and 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and possessing with intent to distribute 500 grams or more of

---

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing, the court imposed a 2-level increase for obstruction of justice. Thereafter, the court sentenced Mayorga to concurrent 235-month prison terms on each count, and to concurrent 5-year supervised-release terms. On appeal, Mayorga argues that the obstruction increase was clearly erroneous, and that there was insufficient evidence to support the jury's verdicts. We affirm.

We conclude the evidence was sufficient to support the jury's verdicts. See United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999) (in considering sufficiency of evidence, this court reviews evidence in light most favorable to verdict; reversal is warranted only if no reasonable jury could have found defendant guilty). The government presented, inter alia, the testimony of Mayorga's coconspirators, as well as government agents, who testified to Mayorga's involvement in controlled drug purchases. The jury was entitled to believe the testimony of these witnesses that Mayorga was involved in the trafficking of methamphetamine, cocaine, and marijuana in the quantities found. See United States v. Fellers, 285 F.3d 721, 725 (8th Cir. 2002) (credibility determinations are left to jury).

We also conclude the district court did not err in imposing the obstruction-of-justice enhancement. The district court did not clearly err in finding, based on trial testimony, that Mayorga attempted to improperly influence a witness to not testify. See U.S.S.G. § 3C1.1, comment. (n.4(a)) (obstruction-of-justice enhancement is warranted when defendant threatens, intimidates, or otherwise unlawfully influences codefendant, witness, or juror, directly or indirectly, or attempts to do so); United States v. Vaca, 289 F.3d 1046, 1049 (8th Cir. 2002) (this court reviews district court's factual findings in support of obstruction enhancement for clear error; attempt to intimidate or threaten witness, even if unsuccessful, is sufficient to sustain obstruction enhancement).

Accordingly, we affirm.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.