# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1694

_____

United States of America

*Plaintiff - Appellee*

v.

Samira Zuniga

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 17, 2012
Filed: September 28, 2012
[Unpublished]

_____

Before BYE, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Samira Zuniga appeals the district court's[1] imposition of a sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1 and denial of a

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

sentence reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We affirm.

I

From 2009 to 2011, Zuniga owned and operated a construction company with her husband, an illegal alien. On April 26, 2011, Immigration and Customs Enforcement (ICE) arrested nine of Zuniga's employees for residing and working in the United States illegally. Anticipating her own arrest in connection with their employment, Zuniga withdrew approximately $17,000 from company bank accounts and fled to Mexico with her husband and children. On June 18, 2011, she re-entered the country with her parents-in-law and a family friend and returned to her Iowa home. When ICE agents observed Zuniga loading a number of possessions into a cargo trailer, they obtained a search warrant and determined that she appeared to have been emptying her home. Subsequent interviews revealed Zuniga had informed the owners of the trailer park in which she lived and the administrators of her children's school that she and her family would be moving to Mexico.

On June 22, 2011, Zuniga was arrested and charged with one count of transporting and harboring aliens, one count of conspiracy to transport, harbor, encourage, and induce aliens to reside in the United States, and related violations of 8 U.S.C. §§ 1324(a)(1)(A)(ii), (iii), and (v)(II), 1324(A)(1)(B)(ii), and 18 U.S.C. § 371. Zuniga pleaded guilty to all charges, admitting she knew or recklessly disregarded the fact that employees of her construction business had been residing and working in the United States illegally.

At the sentencing hearing, the government presented evidence that Zuniga made numerous false statements in connection with the preparation of her presentence report. Specifically, she (1) denied the money withdrawn from her company's bank accounts was used to take her family to Mexico, (2) claimed she was not emptying

the family's trailer, (3) claimed the items being removed from the trailer belonged to her parents-in-law, (4) claimed she had paid rent on the trailer park lot through July, evidencing an intent to remain in Iowa, (5) denied having told anyone she was moving the family to Mexico, and (6) claimed she did not profit from her company. The district court concluded at least the first three of those statements were both false and material to matters the court would consider in arriving at an appropriate disposition. In addition, the court concluded Zuniga's actions amounted to flight and the aiding and abetting of her husband's flight from the United States. Accordingly, the court imposed a two-level upward adjustment to the sentencing range for obstruction of justice. The court also denied Zuniga's request for a reduction based on her acceptance of responsibility. Zuniga now appeals the sentence enhancement and denial of reduction.

## II

We review construction of the Sentencing Guidelines de novo. United States v. Esparza, 291 F.3d 1052, 1054 (8th Cir. 2002). We review the sentencing court's factual findings regarding obstruction of justice and acceptance of responsibility for clear error. Id.; United States v. Vaca, 289 F.3d 1046, 1048 (8th Cir. 2002). We extend great deference to the sentencing court's decision to grant an enhancement for obstruction of justice or deny a reduction for acceptance of responsibility. United States v. Arellano, 291 F.3d 1032, 1034 (8th Cir. 2002); United States v. Perez, 270 F.3d 737, 739 (8th Cir. 2001).

U.S.S.G. § 3C1.1 provides that a court should increase a defendant's offense level by two if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense of conviction." Id. The district court must find the defendant obstructed justice by a preponderance of the evidence. United States v. Wisecarver, 644 F.3d 764, 773 (8th Cir. 2011). Note 4 to § 3C1.1 lists among the

examples of obstructive conduct "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." See also United States v. Anderson, 68 F.3d 1050, 1055 (8th Cir. 1995) (upholding two-level enhancement for defendant who provided materially false information to probation officer during presentence investigation).

On appeal, Zuniga argues the sentencing enhancement is improper because her allegedly false statements were neither false nor material. She does not dispute that she made the statements described above to the probation office in connection with its presentence investigation. We find no clear error in the district court's factual determination regarding the falsity and materiality of those statements. Accordingly, the district court did not clearly err in imposing a two-level enhancement for obstruction of justice.[2]

Zuniga also contends the district court erred in denying her request for a reduction in sentence for acceptance of responsibility. U.S.S.G. § 3E1.1(a) permits a sentencing court to reduce a defendant's offense level by two "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." We have previously held that a criminal defendant guilty of obstructing justice may only receive a downward adjustment for acceptance of responsibility in "extraordinary case[s]." United States v. Honken, 184 F.3d 961, 967 (8th Cir. 1999) (citations omitted). While "there is no magic formula," the district court should consider the following factors:

---

[2]Zuniga also argues the actions culminating in her arrest should not have been considered by the district court because merely "avoiding or fleeing from arrest" does not ordinarily constitute an obstruction of justice under Note 5 of § 3C1.1. We decline to consider this issue because we find the enhancement was warranted due to Zuniga's materially false statements alone.

[T]he timing and nature of the defendant's obstructive conduct, the degree of his acceptance of responsibility, whether his obstruction of justice was an isolated and early incident, whether he voluntarily terminated his obstructive conduct, whether he admitted and recanted his obstructive conduct, and whether he assisted in the investigation of his and others' offenses.

United States v. Stoltenberg, 309 F.3d 499, 500 (8th Cir. 2002) (citing Honken, 184 F.3d at 968–69).

Guided by our Honken factors, the district court concluded Zuniga's actions do not meet the "extraordinary case" threshold. In particular, the court found she created a "moving target of honesty" from the date of her arrest that persisted through trial, at which point she still did not "honestly admit[] the facts and circumstances that would be material to her sentencing." Because the district court weighed the appropriate considerations in a manner consistent with our established framework, we conclude the court did not clearly err in denying the request for an acceptance of responsibility reduction.

III

We therefore affirm the judgment of the district court.

_____