# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-3260
_____

United States of America

*Plaintiff - Appellee*

v.

Justin Michael Ray

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 18, 2012
Filed: October 2, 2012
[Unpublished]
_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.
_____

PER CURIAM.

Justin Michael Ray, a mortgage broker, defrauded a mortgage company by helping his father falsify a loan application to buy Ray's home, knowing his father would default. He pled guilty to bank fraud, in violation of 18 U.S.C. §§ 1344 and 2, and to engaging in monetary transactions using funds from specified unlawful

activity, in violation of 18 U.S.C. § 1957 and 2. The district court[1] sentenced him to 37 months' imprisonment, enhancing his sentence for obstructing justice under U.S.S.G. § 3C1.1. Ray does not object to the obstruction-of-justice enhancement but appeals the denial of an adjustment for acceptance of responsibility.

This court gives great deference to a district court's denial of an acceptance-of-responsibility reduction, reviewing for clear error. *United States v. Vega*, 676 F.3d 708, 723 (8th Cir. 2012). An enhancement for obstructing justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." U.S.S.G. § 3E1.1, Application Note 4. "There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." *Id.* "[W]hen the Commission refers to an 'extraordinary case,' it means a situation that is extremely rare and highly exceptional." *United States v. Honken*, 184 F.3d 961, 970 (8th Cir. 1999). In identifying those cases, courts are to consider the totality of circumstances. *Id.* at 968.

> Although "there is no magic formula," the district court should consider the timing and nature of the defendant's obstructive conduct, the degree of his acceptance of responsibility, whether his obstruction of justice was an isolated and early incident, whether he voluntarily terminated his obstructive conduct, whether he admitted and recanted his obstructive conduct, and whether he assisted in the investigation of his and others' offenses.

*United States v. Stoltenberg*, 309 F.3d 499, 500 (8th Cir. 2002) (per curiam) (quoting *Honken*, 184 F.3d at 969).

Ray pled guilty, admitted to relevant conduct, and assisted in investigating his and others' offenses. However, he did not accept responsibility until he was arrested

---

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

– about five years after beginning his criminal activities, almost a year after providing (admitted) false statements to the FBI, and 15 days after trying to coordinate his explanations with his father's in a recorded conversation. Ray challenges the district court's reliance on the conversation, arguing it was obtained by means "akin to entrapment" – a tenuous claim since during the conversation, Ray said he had thought about explanations, generated those considered, and repeatedly returned to the topic. The record does not support Ray's assertion that "but for the father's efforts to coax a potentially obstructive explanation for the checks in question, Mr. Ray would not have engaged in any further obstructive conduct"; a reasonable observer could determine he intended to make false statements before the conversation. *See United States v. Smith*, 665 F.3d 951, 957 (8th Cir. 2011). But even ignoring the recorded conversation, his false statements to the FBI – not recanted until he was arrested about a year later – were sufficient obstruction of justice. The district court did not clearly err in determining that, by the totality of circumstances, Ray's case was not extraordinary. The district court properly denied the acceptance-of-responsibility adjustment.

The district court's judgment is affirmed.

_____