# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2266
_____

United States of America

*Plaintiff - Appellee*

v.

Steven Douglas Crook, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: March 2, 2020
Filed: March 5, 2020
[Unpublished]
_____

Before LOKEN, BEAM, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

Steven Crook, Jr., appeals the sentence imposed by the district court[1] after he pleaded guilty pursuant to a written plea agreement to four counts of sexual

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

exploitation of a child, in violation of 18 U.S.C. § 2251 (a), (e).  In a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), Crook challenges the district court's application of a sentence enhancement for his obstruction of justice, the denial of an acceptance-of-responsibility reduction, and the reasonableness of the sentence.

Following careful review of the record, we conclude that the district court did not err with regard to the challenged sentencing guidelines rulings, both of which were supported by evidence that Crook engaged in prolonged, elaborate, and flagrant deceit in an effort to be found incompetent.  See United States v. Nygren, 933 F.3d 76, 82-83 (1st Cir.) (upholding obstruction-of-justice enhancement for defendant who had feigned incompetency, engaging in pattern of malingering in order to skew justice system in his favor), cert. denied, 140 S. Ct. 606 (2019); United States v. Stoltenberg, 309 F.3d 499, 500 (8th Cir. 2002) (per curiam) (noting that defendant may receive both obstruction-of-justice enhancement and acceptance-of-responsibility reduction only in extraordinary case); United States v. Honken, 184 F.3d 961, 968-96 (8th Cir. 1999) (holding that mere cessation of obstructive conduct coupled with guilty plea do not make case extraordinary for purposes of U.S.S.G. § 3E1.1).

We also conclude that the aggregate 120-year prison term, which was both the statutory maximum and the advisory sentencing guidelines range, was not substantively unreasonable.  The district court discussed the 18 U.S.C. § 3553(a) factors and ultimately concluded that such a sentence was appropriate in light of the danger posed by Crook to the community, and there is no indication in the record that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. See United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reviewing court first ensures that no significant procedural error occurred, then considers substantive reasonableness of sentence under abuse-of-discretion standard, taking into account totality of circumstances).

Following our independent review of the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal.  We affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____