# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2720WA

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Western District |
| | * | of Arkansas. |
| Gabino Soltero-Corona, also known | * | |
| as Alejandro C. Lopez, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 27, 2001
Filed: July 31, 2001

_____

Before LOKEN, RICHARD S. ARNOLD, and FAGG, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

This is a direct appeal from a sentence imposed pursuant to a guilty plea. The offense of conviction was possession of methamphetamine with the intent to deliver, in violation of 21 U.S.C. § 841(a). The defendant was sentenced as a career offender under U.S.S.G. § 4B1.1, and he appealed. Defense counsel regarded the appeal as frivolous and moved to withdraw. Upon independent review of the record, see Penson v. Ohio, 488 U.S. 75 (1988), we requested additional briefing as to whether the defendant's sentence violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348

(2000), and the effect of the government's failure to file an information charging prior convictions as required by 21 U.S.C. § 851. Mr. Soltero-Corona also filed a pro se brief arguing that the District Court[1] should have departed downward from the career-offender sentencing range.[2] We affirm.

I.

Mr. Soltero-Corona's challenge to the District Court's denial of a downward departure is without merit. He cites United States v. Rivers, 50 F.3d 1126 (2d Cir. 1995), for the proposition that a sentencing judge has discretion to assign a defendant an offense level lower than that prescribed by the career-offender guideline where the judge believes that the correct application of the guideline would yield a result out of proportion to the defendant's actual criminal history. The judge here had no such belief, however. At Mr. Soltero-Corona's sentencing hearing, the District Court told him, "You have earned, I think, the status of a career offender and it is . . . entirely appropriate for you to be sentenced accordingly." Sentencing Transcript at 17. We see no evidence that the Court misunderstood its discretion, and there is no reason to think that any error affected Mr. Soltero-Corona's sentence.

The potential Apprendi problem here results from the fact that, although Mr. Soltero-Corona received a sentence higher than the 20 years authorized by 21 U.S.C. § 841(b)(1)(C), the drug quantity that would subject him to the higher statutory maximum was not charged in the indictment nor proved to a jury beyond a reasonable

---

[1]The Hon, Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

[2]The pro se brief also challenges the use of one of Soltero-Corona's prior convictions to enhance his sentence. This issue is wholly without merit.

doubt.[3] The issue was not raised below. We therefore have discretion to reverse under Federal Rule of Criminal Procedure 52(b) only if there was plain error affecting the defendant's substantial rights. Even in that circumstance, the Supreme Court has directed that we should not exercise our discretion to correct forfeited error "unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 507 U.S. 725, 732 (1993).

We believe that the error here, if any, has no such effect. At the defendant's change-of-plea hearing, the following colloquy took place:

> BY THE
> COURT:        Now then, Mr. Lopez [an alias for the defendant], he says they found about 435.6 grams of the mixture that included, that was part methamphetamine. Does that sound about right?
>
> BY THE
> DEFENDANT:    Yes.

We do not hold that this admission cured the failure to charge drug quantity in the indictment. Cf. United States v. Poulack, 236 F.3d 932, 938 (8th Cir. 2001) (failure to charge drug quantity in indictment was not plain Apprendi error affecting substantial

---

[3]Apart from drug quantity, the government could also have justified a sufficiently enhanced statutory maximum on the basis of Mr. Soltero-Corona's prior drug-felony conviction. See 21 U.S.C. § 841(b)(1)(C) (where a defendant has a prior conviction for a drug felony, maximum sentence obtainable without proving drug quantity is 30 years). As a condition to enhancing a statutory maximum in this way, however, the government must file an information charging the defendant's prior convictions. 21 U.S.C. § 851. This was not done here. We have previously held that the failure to file such an information cannot be harmless error and cannot be effectively waived unless the defendant is informed of his right to insist that his prior convictions not be used to enhance his sentence. See Neary v. United States, 998 F.2d 563, 565 (8th Cir. 1993).

rights, where defendant stipulated drug quantity at a time when he knew it would be a key factor in his sentencing). We merely hold that, given the defendant's admission of drug quantity, any Apprendi error did not seriously affect his sentencing proceeding's fairness, integrity, or public reputation. We therefore affirm.

## II.

Our Penson review reveals no other non-frivolous issues for appeal. Defense counsel's motion to withdraw is denied. He should consider raising the Apprendi drug-quantity issue in a petition for certiorari.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.