**UNITED STATES of America, Appellee,**

v.

**Val PEREZ, Appellant.**

**No. 00–1875.**

United States Court of Appeals, Eighth Circuit.

Submitted: Oct. 16, 2001.

Filed: Oct. 31, 2001.

John Leonard Lane, argued, Cedar Rapids, IA, for appellant.

Richard Louis Murphy, argued, Cedar Rapids, IA, for appellee.

BEFORE: McMILLIAN, BEAM, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Val Perez pleaded guilty to conspiring to launder money, in violation of 18 U.S.C. § 1956(h); conspiring to distribute methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. § 846; obstructing justice, in violation of 18 U.S.C. § 1503; and criminal forfeiture. At sentencing, the district court[1] denied Perez a reduction in his offense level for accepting responsibility and assessed him a two-level enhance-

---

1. The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

ment for obstructing justice by encouraging witnesses to lie about their knowledge of his criminal conduct. The district court then sentenced him to a term of 360 months of imprisonment, consisting of 188 months on the money laundering conviction, 360 months on the conspiracy to distribute controlled substances conviction, and 120 months on the obstruction of justice conviction, all to run concurrently. Perez appeals.

Perez first argues that the district court erred in denying him an acceptance-of-responsibility sentencing reduction. "We review a sentencing court's decision to award or deny an acceptance-of-responsibility reduction for clear error." *United States v. Ervasti*, 201 F.3d 1029, 1043 (8th Cir.2000). An enhancement for obstruction of justice, as Perez received here, "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." *See* USSG § 3E1.1, comment. (n. 4) (1998). While there may be "extraordinary cases" in which both adjustments might be appropriate, *id.*, a case in which a reduction for acceptance of responsibility is warranted in spite of a defendant's obstructive conduct "would be extremely rare," *United States v. Honken*, 184 F.3d 961, 969 (8th Cir.1999) (internal quotations omitted). The district court should consider "the totality of the circumstances, including the nature of the appellee's obstructive conduct and the degree of [the] appellee's acceptance of responsibility." *Id.* at 968.

According great deference to the district court's determinations, as the Guidelines and the cases say we must, we find no clear error in the denial of Perez's request for a § 3E1.1 reduction. Our review of the record indicates that the district court properly considered all of the relevant circumstances and was not pre-

cluded from determining that the nature of Perez's obstructive conduct outweighed other factors in his favor. *See United States v. Juvenile JG*, 139 F.3d 584, 586–87 (8th Cir.1998) (holding that the weight assigned to any one factor involved in a statutory analysis is within the district court's discretion).

Perez also argues that his guilty plea was not knowing and voluntary as required by the Constitution and Rule 11 of the Federal Rules of Criminal Procedure because the district court failed to inform him of an element of the offense, *i.e.*, that the government would be required to prove the quantity of the controlled substances beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding that any fact, other than a prior conviction, "that increases the penalty for a crime beyond the prescribed statutory maximum [penalty] must be submitted to a jury, and proved beyond a reasonable doubt"). Because this issue was not raised before the district court, we review for plain error. *United States v. Olano*, 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). An error not argued to the district court is grounds for reversal only if the error "prejudices the substantial rights of the defendant and would result in a miscarriage of justice if left uncorrected." *United States v. Fountain*, 83 F.3d 946, 949 (8th Cir.1996), *cert. denied*, 520 U.S. 1253, 117 S.Ct. 2412, 138 L.Ed.2d 178 (1997). "Plain error review is extremely narrow and is limited to those errors which are so obvious or otherwise flawed as to seriously undermine the fairness, integrity, or public reputation of judicial proceedings." *United States v. Beck*, 250 F.3d 1163, 1166 (8th Cir.2001).

A plea of guilty is constitutionally valid only if it is made voluntarily and

intelligently. *Bousley v. United States,* 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citing *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970)). A plea is not made intelligently where the defendant is not given notice of the true nature of the charge to which he is pleading. *Id.* Likewise, Rule 11(c)(1) requires the district court to inform the defendant of, and determine that he understands, "the nature of the charge to which the plea is offered," among other things. Perez argues that his plea was not intelligent because he did not understand that proof of drug quantity beyond a reasonable doubt was a required element of the offense.

Count 2 of the Superseding Indictment charged Perez with knowingly conspiring to distribute 100 grams or more of a mixture or substance containing a detectable amount of methamphetamine, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, and 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, all in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The record reveals that at the plea hearing, the court fully advised Perez of the nature of the charge, including the quantity of controlled substances alleged in the indictment and the government's burden to prove all elements of the offense beyond a reasonable doubt. Considering his prior felony drug trafficking conviction and the specific amounts alleged in the indictment, 21 U.S.C. § 841(b)(1)(B) authorized a mandatory minimum sentence of 10 years and a maximum sentence of life in prison. The district court informed Perez of this statutory sentencing range. Perez indicated that he understood the charges against him, and he pleaded guilty. At his sentencing hearing, Perez made no assertion that the quantities for which he believed he had sentencing liability were less than the quantities required to trigger the enhanced statutory penalties of § 841(b)(1)(B). The district court sentenced him to a total of 30 years of imprisonment.

We find no plain error. Because the indictment specifically charged Perez with certain quantities of controlled substances in amounts that permit a maximum life sentence, his 30–year sentence does not offend *Apprendi.* Additionally, where the indictment states the elements to be proven, "[s]uch circumstances, standing alone, give rise to a presumption that the defendant was informed of the nature of the charge against him." *Bousley,* 523 U.S. at 618, 118 S.Ct. 1604. In *Bousley,* the petitioner sought to overcome this presumption by demonstrating that the district court actually misinformed him as to the elements of the offense. *Id.* Perez has no support in this record indicating that the district court actually misinformed him as to the elements or nature of the offense, but certainly the law at the time of his plea hearing permitted quantity to be determined by a preponderance of the evidence as a sentencing factor.

As Perez alleges, the district court's recitation of the elements that needed to be proven beyond a reasonable doubt did not contain the issue of the quantity of the drugs charged against him. Nevertheless, we cannot escape the fact that earlier in the plea colloquy, the court expressly informed Perez of those specific quantities, as well as the resulting sentencing range based on those quantities. The indictment itself also specifically listed the quantities charged against him, and Perez pleaded guilty to those amounts stated in the indictment. *Cf. United States v. Soltero–Corona,* 258 F.3d 858, 860 (8th Cir. 2001) (holding that where defendant admits drug quantity at the plea hearing, the

constitutional error of failing to include quantity in the indictment did not affect the fairness, integrity or public reputation of the proceedings). Perez unequivocally indicated that he understood the nature of the indictment allegations. His conduct at the sentencing hearing also demonstrates he agreed that he was responsible for sufficient quantities to expose him to the enhanced punishments of § 841(b)(1)(B). Perez's argument that his guilty plea was not intelligently made because he was not informed that the government would be required to prove quantity beyond a reasonable doubt does not carry the day on the facts of this case which demonstrate that the indictment specified quantity and that Perez understood the nature of the charge. *See United States v. Marks,* 38 F.3d 1009, 1012 (8th Cir.1994) ("It is not always necessary, however, to explain formally the elements of an offense if the defendant understood the nature of the charge."). We find no plain error affecting the defendant's substantial rights, because any alleged error did not seriously undermine the proceeding's fairness, integrity, or public reputation.

Accordingly, we affirm the judgment of the district court.