# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1010

———————

United States of America,            *
                                     *
            Appellee,                *
                                     *    Appeal from the United States
      v.                             *    District Court for the
                                     *    Southern District of Iowa.
Ramon Alcorta-Marufo,                *        [UNPUBLISHED]
                                     *
            Appellant.               *

———————

Submitted:   June 11, 2002

Filed:   August 6, 2002

———————

Before WOLLMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

———————

PER CURIAM.

Ramon Alcorta-Marufo pleaded guilty to illegally reentering the United States following deportation upon commission of an aggravated felony, a violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). He appeals, contending that the district court[1] violated Rule 11(c)(1) of the Federal Rules of Criminal Procedure by failing to advise him of the nature of the charge before accepting his plea. We affirm.

———————

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

# I.

Alcorta-Marufo, a citizen of Mexico, was deported on May 22, 1998, after being convicted of felony domestic violence. He reentered the United States on March 28, 2001, and was arrested on July 28, 2001. He entered a plea of guilty on September 17, 2001.

In addition to discussing with him the other matters detailed in Rule 11, the district court asked Alcorta-Marufo whether he had received a copy of the indictment against him and whether he had had an opportunity to fully discuss the charges with his lawyer. Alcorta-Marufo responded affirmatively to both questions, and he raised no objections during the plea hearing or the sentencing hearing, following which he was sentenced to 41 months' imprisonment.

# II.

"Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 122 S. Ct. 1043, 1048 (2002). A claim that the district court did not properly comply with Rule 11 is reviewed for plain error in those cases in which the defendant did not raise an objection in the district court. Id. 122 S. Ct. at 1046. Such an error is grounds for reversal only if it "'prejudices the substantial rights of the defendant and would result in a miscarriage of justice if left uncorrected.'" United States v. Perez, 270 F.3d 737, 739 (8th Cir. 2001), cert. denied, 122 S. Ct. 1336 (2002) (quoting United States v. Fountain, 83 F.3d 946, 949 (8th Cir. 1996)). "'Plain error review is extremely narrow and is limited to those errors which are so obvious or otherwise flawed as to seriously undermine the fairness, integrity, or public reputation of judicial proceedings.'" Perez, 270 F.3d at 739 (quoting United States v. Beck, 250 F.3d 1163, 1166 (8th Cir. 2001)).

Alcorta-Marufo contends that the facts of his case are similar to those in McCarthy v. United States, 394 U.S. 459 (1969). In McCarthy, however, the district court failed to address the defendant personally regarding the defendant's understanding of the nature of the charges against him. Id. at 461-62. Here, the district court addressed Alcorta-Marufo personally and, as indicated above, inquired whether he had received a copy of the indictment and had had the opportunity to fully discuss the charges with his lawyer, to which Alcorta-Marufo responded in the affirmative. The district court also engaged in a lengthy discussion with Alcorta-Marufo regarding the factual basis of his plea, the circumstances of which Alcorta-Marufo acknowledged to be correct. Moreover, McCarthy was decided prior to the adoption of Rule 11(h), which provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." See Vonn, 122 S. Ct. at 1048. Finally, the fact that a defendant has been provided with a copy of the indictment "give[s] rise to a presumption that the defendant was informed of the nature of the charge against him." Bousley v. United States, 523 U.S. 614, 618 (1998); Vonn, 122 S. Ct. at 1055.

We adopt the following approach when reviewing the type of Rule 11-violation claim raised by Alcorta-Marufo:

> In determining whether the defendant understood the nature of the charges, it is necessary to "examine the totality of the circumstances. We examine whether the indictment gave him notice of the charge, whether he discussed the charge with his attorney or the judge, and we look at any other facts which are in the record."

United States v. Marks, 38 F.3d 1009, 1011 (8th Cir. 1994) (quoting United States v. Nieuwsma, 779 F.2d 1359, 1361 (8th Cir. 1985)). See also Vonn, 122 S. Ct. at 1055 (record information "outside the four corners of the transcript of the plea hearing and Rule 11 colloquy" may be looked to in determining whether a Rule 11 violation resulted in plain error).

Alcorta-Marufo testified that he had received the indictment and had discussed it with his attorney. He also agreed with the recitation of facts as stated by the district court. Given the straightforward nature of the charge against Alcorta-Marufo, we conclude that the totality of the circumstances indicate that no plain error resulted from the manner in which in the district court conducted the Rule 11 colloquy. This is not to say that district courts need not painstakingly comply with the detailed requirements of Rule 11, but only that Alcorta-Marufo has not established that he suffered any substantial prejudice to his substantial rights by the district court's failure to comply strictly with all of those requirements in this case.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.