UNITED STATES of America,
Plaintiff—Appellee,

v.

Peter ANGONE, Defendant—Appellant.

No. 00–50433.

D.C. No. CR–99–00660–CRM–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 12, 2001.

Submission Withdrawn Jan. 14, 2002.

Resubmitted Oct. 15, 2002.

Decided Oct. 17, 2002.

Before B. FLETCHER, T.G. NELSON, and BERZON, Circuit Judges.

MEMORANDUM*

Peter Angone appeals his convictions by plea of guilty under 21 U.S.C. §§ 841(a)(1)

* This disposition is inappropriate for publica-tion and may not be cited to or by the courts

and 846. We find that his plea must be vacated because the district court's violation of Federal Rule of Criminal Procedure 11(c)(1) warrants reversal under plain error review. The parties are familiar with the facts, so we recount them only as necessary to explain our decision.

1. The district court properly denied Angone's motion for a hearing under *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Angone failed to make a sufficient preliminary showing that the affidavit supporting the search warrant was based on statements that were deliberately or recklessly included or omitted. He did not provide any evidence that the affiant's allegations regarding the two documents not later produced were untruthful, let alone recklessly or deliberately untruthful. The government presented evidence showing that the affiant had in fact seen the documents he claimed to have seen and explaining why those documents were not given to the defense in discovery.

■ 2. The district court properly denied the motion to suppress the search of the La Cruz residence. The affidavit supporting the search warrant presented three separate documents linking the residence to be searched to another residence where marijuana plants had already been seized. The affidavit also relied on evidence that Angone's car was present at the Mesa residence during what an expert surveillance officer concluded to be a harvest meeting and was also seen at the La Cruz residence. These facts, under the totality of the circumstances, support probable cause for the warrant.

■ 3. Rule 11(c)(3) requires the judge to inform the defendant of the right to the assistance of counsel at trial. Fed. R.Crim.P. 11(c)(3). It is clear from the plea colloquy that there was error, because the district judge never informed Angone of his right to counsel at trial. We review for plain error because the Rule 11 error was not raised at the plea hearing. *United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1054–55, 152 L.Ed.2d 90 (2002). Considering the entire record, *id.,* we conclude that the district court's error did not affect Angone's substantial rights and thus does not warrant reversal.

Even though the transcript of Angone's plea colloquy does not demonstrate that he was aware of his right to counsel at trial, other documents show that he was. The plea agreement stated that Angone was giving up "the right to assistance of counsel at trial, including, if [he] could not afford an attorney, the right to have the court appoint one for [him]." Angone also signed a "Statement of Defendant's Constitutional Rights," which included a similar recitation. He acknowledged at the plea colloquy and in writing that he had read and understood the plea agreement. Thus, Angone has failed to show that this error affected his substantial rights. *United States v. Ma,* 290 F.3d 1002, 1005 (9th Cir.2002).

4. Rule 11 also requires that the judge "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, . . . the nature of the charge to which the plea is offered." Fed.R.Crim.P. 11(c)(1). This rule requires the district court to "advise the defendant of the elements of the crime and ensure that the defendant understands them." *United States v. Minore,* 292 F.3d 1109, 1115 (9th Cir.2002).

■ Where drug quantity exposes the defendant to a higher statutory maximum sentence than he would otherwise receive,

drug quantity is the functional equivalent of a "critical" element. *Id.* at 1116–7; *United States v. Valensia,* 299 F.3d 1068, 1075 (9th Cir.2002). "Rule 11(c)(1) and due process require the district court to advise the defendant of each critical element of the offense." *Minore,* 292 F.3d at 1117. Angone should therefore have been informed that a jury would have had to find the quantity of 1,000 plants beyond a reasonable doubt. The failure to so inform him was error. *Id.* at 1117–18; *Valensia,* 29 F.3d at 1076.

The error is plain. Although *Apprendi* had not been decided at the time of Angone's plea, "it is enough that an error be 'plain' at the time of appellate consideration." *Johnson v. United States,* 520 U.S. 461, 468, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

The error also affected Angone's substantial rights. There is no indication that when he entered his plea Angone understood that he had a right to have the government prove the quantity of drugs to a jury beyond a reasonable doubt. In fact, consistent with the law at the time, Angone was informed that the judge would determine drug quantity at sentencing. This error was neither minor nor technical. *Minore,* 292 F.3d at 1119–20.

The error also "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). If Angone had been informed of his right to require the government prove to the jury beyond a reasonable doubt that Angone possessed more than 1,000 marijuana plants, he may well have chosen not to plead guilty. Angone agreed that he was responsible for 766 plants, but the remaining quantity of marijuana plants for which he could prop-

erly be held responsible was very much in dispute. *Compare Minore,* 292 F.3d at 1120 (holding that a failure to comply with Rule 11(c)(1) did not seriously affect fairness, integrity, or public reputation of the proceeding where defendant admitted in his plea agreement, during his plea colloquy and at sentencing that he should be held responsible for a quantity of marijuana "far greater than the 1000 kilograms required to expose [him] to a statutory maximum life in prison" under 21 U.S.C. § 841(b)(1)(A)); *United States v. Perez,* 270 F.3d 737, 740 (8th Cir.2001) (holding that a failure to inform defendant at plea colloquy that jury must determine drug quantity beyond a reasonable doubt did not undermine the fairness, integrity, or public reputation of the proceeding where defendant admitted responsibility for sufficient quantity to expose him to the enhanced penalties of § 841(b)(1)(B)).

Because the district court's plain error affected Angone's substantial rights and seriously affected the fairness of the proceeding, namely the knowing and voluntary nature of his guilty plea, we vacate his guilty plea.

5. Angone also raised several challenges to his sentence. We need not address either his right under the plea agreement to make these arguments or their substance, because we vacate Angone's plea. In the event that he is convicted or pleads guilty again, he will be entitled to a new sentencing hearing.

For these reasons, we AFFIRM the denial of his motion to suppress, VACATE Angone's guilty plea and convictions, and REMAND for further proceedings consistent with this decision.