# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2851

_____

United States of America,  *
                           *
    Plaintiff-Appellee,     *   Appeal from the United States
                           *   District Court for the Northern
    v.                      *   District of Iowa.
                           *
Hipolito Calderon-Avila, also known   *   [PUBLISHED]
as Rolando Gramajo, also known        *
as Jesse Hernandez,                   *
                                      *
    Defendant-Appellant.    *

_____

Submitted: February 11, 2002
Filed: March 6, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Defendant Hipolito Calderon-Avila appeals the district court's[1] imposition of a sentence enhancement for obstruction of justice under U.S.S.G. § 3C1.1 and denial

_____

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

of a sentence reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. We affirm.

## I.

Defendant was arrested and charged with three counts of possession with intent to distribute methamphetamine. He alleged he was a juvenile at the time of the offense and moved to dismiss the indictment. At the motion hearing, he presented the testimony of his sister who stated Defendant was born on November 5, 1984, making him seventeen at the time of the offense. The government presented the expert testimony of a radiologist who opined to a reasonable degree of medical certainty that Defendant's skeletal x-rays indicated his age to be between twenty-four and twenty-seven. The government also relied upon stipulated evidence that Defendant had repeatedly given law enforcement officials August 19, 1975 as his birth date. The district court rejected the sister's testimony and denied the motion. Defendant then entered a plea agreement and conditionally pled guilty to one count of possession with intent to distribute 500 or more grams of a mixture or substance containing methamphetamine.

At the sentencing hearing, the district court found that Defendant had suborned the perjurious testimony of his sister in support of his motion:

> Well, I find that the government's met its burden of proof on the obstruction-of-justice issue because I find that the defendant knew his actual age and procured testimony that falsely indicated he was under the age of 18. And to me that's circumstantial procurement of known perjurious testimony that would fall within the guideline 3C1.1, and so I think probation properly scored obstruction of justice in this case.

Sentencing Transcript at 20. Accordingly, the district court enhanced Defendant's sentence for obstruction of justice and denied a reduction for acceptance of

2

responsibility. At sentencing, Defendant did not object to the fact that his presence report listed his age at the time of the offense as twenty-six. Before this court he appeals only his sentence enhancement and denial of reduction for acceptance of responsibility. He does not appeal the denial of his motion to dismiss and no longer argues he was a juvenile at the time of the offense.

II.

We review construction of the Guidelines de novo. United States v. Esparza, 291 F.3d 1052, 1054 (8th Cir. 2002). We review the sentencing court's factual findings regarding obstruction of justice and acceptance of responsibility for clear error. Id. United States v. Vaca, 289 F.3d 1046, 1048 (8th Cir. 2002). We extend great deference to the sentencing court's decision to grant an enhancement for obstruction of justice or deny a reduction for acceptance of responsibility. United States v. Perez, 270 F.3d 737, 739 (8th Cir. 2001); United States v. Arellano, 291 F.3d 1032, 1034 (8th Cir. 2002).

U.S.S.G. § 3C1.1 provides that a court should increase a defendant's offense level by two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the . . . prosecution . . . of the instant offense of conviction." Id. This enhancement applies to the acts of "committing, suborning, or attempting to suborn perjury." Commentary to U.S.S.G. § 3C1.1 at Application Note 4(b). We find no clear error in the district court's factual determination that Defendant suborned perjury.

Defendant argues enhancement is improper because, by alleging that he was a juvenile at the time of the offense, he merely forced the government to prove a jurisdictional prerequisite to his prosecution, namely, that he was over eighteen. While it is true an obstruction enhancement cannot apply to a defendant's election to mount a defense and exercise a constitutional right, Commentary to U.S.S.G. § 3C1.1

3

at Application Note 2, Defendant does not have a constitutional right to commit or promote perjury. United States v. Dunnigan, 507 U.S. 87, 96 (1993) (holding that where a defendant committed perjury at trial, application of the obstruction guideline did not violate the defendant's right to testify because the right to testify "does not include a right to commit perjury."). Here, contrary to Defendant's assertions, he did not merely attempt to mount a defense and force the government to establish his age. Rather, he suborned perjury to obstruct the government in its prosecution efforts. Accordingly, we affirm the district court's imposition of an enhancement for obstruction of justice.

Defendant argues further that because he pled guilty and, after his motion to dismiss was denied, ceased obstructive conduct, it was error to deny an acceptance of responsibility reduction. We disagree. Application Note 4 to U.S.S.G. § 3E1.1 states that conduct which supports an obstruction of justice enhancement "ordinarily indicates that the defendant has not accepted responsibility" as required for a two level reduction under § 3E1.1 but that "[t]here may be . . . extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." In United States v. Honken, we held "the mere fact of the guilty plea to the underlying offense, followed by an absence of post-plea obstructive conduct is not by itself sufficient to establish an extraordinary case as a matter of law. . .". 184 F.3d 961, 972 (8th Cir. 1999) (applying a multi-factored totality of the circumstances test for identifying extraordinary cases). Here, as in Honken, Defendant's guilty plea and cessation of obstructive conduct is insufficient to make this an extraordinary case under Application Note 4 to U.S.S.G. § 3E1.1. Applying Honken's totality of the circumstances analysis and finding no other factors that would make this an extraordinary case, we affirm the district court's denial of a reduction under § 3E1.1.

The district court's application of an obstruction of justice enhancement and refusal to apply an acceptance of responsibility reduction are affirmed.

A true copy.

Attest.

U.S. COURT OF APPEALS FOR THE EIGHTH CIRCUIT