# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1930

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Ricardo Nelson Muro, also known as | * | [PUBLISHED] |
| Mario Gomez, also known as | * | |
| Ricardo Nelson Murodiaz, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 17, 2003

Filed: February 2, 2004

_____

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Ricardo Nelson Muro appeals the sentence imposed following his guilty plea to conspiracy to possess with intent to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1) and 846. He argues that the district court[1] erred in refusing to grant him a three-level reduction for acceptance of

_____

[1]The Honorable Laurie Smith-Camp, United States District Judge for the District of Nebraska.

responsibility, U.S. Sentencing Guidelines Manual § 3E1.1 (2003), notwithstanding the two-level enhancement he received for obstruction of justice, id. § 3C1.1. Because these two adjustments are simultaneously permitted only in extraordinary cases, and because we believe the district court reasonably found that Muro's situation was not extraordinary, we affirm.

A few months after his indictment, Muro elected to resolve the charges against him through a plea agreement. The plea agreement stipulated a drug quantity equivalent to 764 kilograms of marijuana, resulting in a base offense level of 30. Muro has a criminal history category of II. Because he timely notified authorities that he intended to enter a guilty plea, his original presentence report recommended a three-level reduction for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1, that would have resulted in a sentencing range of 78-97 months. Muro was placed on pretrial release pending his sentencing hearing. About two weeks later, two men approached Muro at his work and told him to pay for the drugs the DEA had seized. Muro felt threatened and, believing his life was in danger, fled to California. He did not inform the authorities or his family where he had gone, and he failed to appear at his sentencing hearing. A warrant was issued for his arrest and he was apprehended in California seven months after he fled Nebraska. At Muro's subsequent sentencing hearing, the district court imposed a two-level enhancement for obstruction of justice under section 3C1.1 and denied a three-level reduction for acceptance of responsibility. Muro was sentenced at an offense level of 32 and given 135 months' imprisonment, a sentence at the low end of the new guideline range.

We review for clear error the district court's findings with respect to sentencing enhancements and reductions. United States v. Martinez, 234 F.3d 1047, 1048 (8th Cir. 2000) (per curiam). We extend great deference to the district court in determining whether to grant or deny these adjustments. See United States v. Calderon-Avila, 322 F.3d 505, 507 (8th Cir. 2003) (per curiam).

-2-

The sentencing guidelines address the possible application of both an obstruction of justice enhancement and an acceptance of responsibility reduction:

> Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n.4 (2003).

We apply a "totality of the circumstances" analysis to determine whether a case is an "extraordinary case" for purposes of applying the exception. United States v. Honken, 184 F.3d 961, 968-69 (8th Cir. 1999). The district court should consider, among other things, whether the obstructive conduct was an isolated incident, whether it was voluntarily or involuntarily terminated, whether the defendant admitted and recanted his obstructive conduct, and to what degree he accepted responsibility and aided the prosecution. Id. The phrase "extraordinary cases" refers to a narrow set of occurrences that are "extremely rare and highly exceptional." Id. at 969-70. It is not generally extraordinary when a defendant "merely cease[s] obstructive conduct." Id. at 970. A defendant must earn an adjustment for acceptance of responsibility by performing positive actions that counter his negative ones. Id. at 973.

The district court properly considered Muro's circumstances and did not commit clear error in concluding that Muro's situation was not exceptional. See United States v. Stoltenberg, 309 F.3d 499, 500 (8th Cir. 2002) (per curiam) (noting that the district court has discretion in how it assigns weight to each factor). Muro failed to take any affirmative action to confirm his acceptance of responsibility after he fled Nebraska. He merely provided an excuse for his flight and failure to appear

for his sentencing hearing. Although the district court found credible Muro's claim of fear for his safety, it reasonably concluded that Muro willfully chose the course of conduct that obstructed justice instead of choosing other options, such as contacting Pretrial Services or the DEA to report the threat. Muro continued to violate his conditions of pretrial release by failing to inform authorities where he was and did not cease his obstructive conduct until he was involuntarily apprehended seven months later. His case is therefore no different from many other cases involving flight before sentencing and thus does not qualify as "exceptional."

The judgment is affirmed.

_____