# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2574

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Phillip Alexander Johnston, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 17, 2004
Filed: July 29, 2004

_____

Before BYE, BOWMAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Phillip Johnston pleaded guilty to a drug conspiracy charge in violation of 21 U.S.C. §§ 841 and 846, stipulating he was responsible for more than 160 kilograms of marijuana and more than five kilograms of a mixture or substance containing cocaine. Because Johnston had two prior felony drug convictions, the district court[1] sentenced him to life in prison. See 21 U.S.C. § 841(b)(1)(A) (dictating a "mandatory term of life imprisonment without release" for any person who violates § 841 "after two or more prior convictions for a felony drug offense have become final"). We

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

affirmed the sentence on Johnston's direct appeal.  United States v. Johnston, 220 F.3d 857, 864 (8th Cir. 2000).

Johnston, acting pro se, subsequently filed a 28 U.S.C. § 2255 motion to vacate his conviction raising a host of issues.  After the district court appointed him counsel, he abandoned his pro se issues and raised an ineffective-assistance-of-counsel claim in two parts.  First, he argued his trial counsel was ineffective in failing to anticipate Apprendi v. New Jersey, 530 U.S. 466 (2000) (Johnston pleaded guilty and was sentenced before the Supreme Court decided Apprendi) and object to the government's failure to include drug quantity in his indictment.  Second, he argued his counsel should have filed a supplemental brief on direct appeal because the Supreme Court decided Apprendi while the appeal was still pending.  The district court denied the § 2255 motion, but granted a certificate of appealability (COA) on both parts of Johnston's ineffectiveness claim.

Reviewing the district court's decision to deny the § 2255 motion de novo, Bear Stops v. United States, 339 F.3d 777, 779 (8th Cir. 2003), we conclude the district court correctly denied the motion.  Johnston's counsel was not ineffective in failing to make an Apprendi-like claim before the Supreme Court decided Apprendi.  See Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) ("[C]ounsel's decision not to raise an [Apprendi-like] issue unsupported by then-existing precedent d[oes] not constitute ineffective assistance.").  Nor was Johnston's counsel ineffective by failing to file a supplemental brief with us after the Supreme Court decided Apprendi; Johnston pleaded guilty and stipulated to a drug amount well in excess of the amount required to trigger the sentence he received,[2] and thus an Apprendi-like claim would

---

[2]Johnston filed a letter brief under Fed. R. App. P. 28(j) citing Blakely v. Washington, 124 S. Ct. 2531 (2004).  Even if Blakely applies to the federal sentencing guidelines, it would not change the outcome here since Johnston pleaded guilty and stipulated to the relevant facts for sentencing purposes.  See Blakely, 124 S. Ct. at 2541.

have failed even if counsel had filed a supplemental brief.  <u>See</u>, <u>e.g.</u>, <u>United States v. Soltero-Corona</u>, 258 F.3d 858, 860 (8th Cir. 2001) (holding failure to allege drug quantity in indictment was not plain error pursuant to <u>Apprendi</u> where defendant pleaded guilty and stipulated to a higher drug quantity at his plea hearing).

We decline to address the additional claim raised by Johnston on appeal – a claim his trial counsel was ineffective in failing to advise us in the direct appeal that his pre-sentence report had determined his prior convictions were "related" under United States Sentencing Guideline § 4A1.2 for purposes of calculating his criminal history – because he never raised the claim in the district court and therefore it could not be included in the COA.  <u>See</u> <u>United States v. Robinson</u>, 301 F.3d 923, 927 (8th Cir. 2002) (holding issues beyond the scope of a COA are not properly before the court).[3]

_____

---

[3]Although we do not address this claim, we suspect it would likely fail.  <u>See</u> <u>United States v. Rice</u>, 43 F.3d 601, 608 (11th Cir. 1995) (rejecting the claim that a determination of relatedness under U.S.S.G. § 4A1.2 in a pre-sentence report is relevant to the determination of relatedness for purposes of an enhancement under 21 U.S.C. § 841(b)(1)(A)).