# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1865

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| John McCauley, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: January 6, 2005
Filed: June 20, 2005

———————

Before BYE, MELLOY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

John McCauley appeals the sentence the district court[1] imposed after he pleaded guilty to four counts of distributing and aiding and abetting the distribution of cocaine and cocaine base, and one count of failing to appear for trial. Pursuant to a plea agreement stipulation that McCauley qualified as a career offender, the district court sentenced him to 366 months imprisonment and 8 years supervised release. On appeal, McCauley argues that he should have received a reduction in his offense level for accepting responsibility.

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

The district court determined that McCauley had obstructed justice when he failed to appear for his scheduled trial, and thus he could receive a reduction for acceptance of responsibility only if his was an "extraordinary case," see U.S.S.G. § 3E1.1, cmt. n.4. We conclude that the district court did not clearly err in denying the reduction after it carefully considered the totality of the circumstances, including that McCauley's obstructive conduct had been an ongoing effort and that the court disbelieved his testimony regarding his reasons for flight and his efforts to turn himself in. See United States v. Perez, 270 F.3d 737, 739 (8th Cir. 2001) (explaining the standard of review); United States v. Honken, 184 F.3d 961, 968-69 (8th Cir. 1999) (listing the factors the court should consider).

We also conclude that McCauley cannot demonstrate a reasonable probability that he would have received a more favorable sentence under an advisory Guidelines regime. See United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005) (en banc). Accordingly, we affirm.

_____