**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4653**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT WASHINGTON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (CR-02-27-JFM)

Submitted: February 28, 2006        Decided: March 22, 2006

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alan R.L. Bussard, Towson, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Michael J. Leotta, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Washington appeals the 120-month sentence imposed by the district court after his case was remanded for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Washington, 398 F.3d 306 (4th Cir.), cert. denied, 125 S. Ct. 2558 (2005). Washington was convicted of being a felon in possession of a firearm after Joseph Gilmore called the police alleging that Washington had assaulted him. Gilmore led Baltimore City Police Officer Todd Tugya to Washington's home at 3037 Monument Avenue. At trial, Officer Tugya identified Washington as the man who opened the door holding a loaded handgun, then dropped the gun and fled. Gilmore later recanted his statements to police and his identification of Washington from a photo array, claiming that he had been coerced by the police. Mrs. Washington testified at trial that James Hill, another man with whom she was romantically involved, was at her house that night and that Washington had moved out some time earlier. The district court determined on remand, as at the first sentencing hearing, that Washington obstructed justice by suborning his wife's perjured trial testimony. U.S. Sentencing Guidelines Manual § 3C1.1 (2004). Washington contends that the district court erred in so finding. For the reasons explained below, we affirm the district court's determination that Washington obstructed justice.

The government suggests that, in light of <u>Booker</u>, this court need not review the district court's decision to enhance Washington's sentence under § 3C1.1 because the ultimate sentence was reasonable. However, after <u>Booker</u>, "the district court must consider the correct guideline range before imposing a sentence . . . ." <u>United States v. Hughes</u>, 401 F.3d 540, 556 (4th Cir. 2005). Therefore, we will address the propriety of the § 3C1.1 adjustment. We review the court's fact finding concerning obstruction of justice for clear error. <u>Hughes</u>, 401 F.3d at 560.

Obstruction of justice includes "committing, suborning, or attempting to suborn perjury." USSG § 3C1.1, comment. (n.4(b)). Obstruction of justice is not defined in the guidelines. Application Note 3 to § 3C1.1 states that "[o]bstructive conduct can vary widely in nature, degree of planning, and seriousness." Application Note 4 provides a "non-exhaustive list of examples of the types of conduct" to which the adjustment applies. The list includes, but is not limited to, "committing, suborning, or attempting to suborn perjury." USSG § 3C1.1, comment. (n.4(b)). Subornation of perjury consists of three elements: (1) "the suborner should have known or believed or have had good reason to believe that the testimony given would be false;" (2) "should have known or believed that the witness would testify willfully and corruptly, and with knowledge of the falsity;" and (3) have "knowingly and willfully induced or procured the witness to give

- 3 -

false testimony." Petite v. United States, 262 F.2d 788, 794 (4th Cir. 1959), vacated on other grounds, 361 U.S. 529 (1960); see also United States v. Heater, 63 F.3d 311, 320 (4th Cir. 1995) ("Subornation of perjury consists of procuring or instigating another to commit perjury."). On remand, Washington's attorney conceded, albeit reluctantly, that the first two elements "were probably met."

The district court inferred that Washington took an active part in procuring his wife's false testimony, although there was no direct evidence that Washington had instigated his wife's testimony. The court based its determination in part on its belief that Washington knew in advance that she would give false testimony, in part on Washington's marital relationship with his wife, and in part on its belief that Washington had influenced Gilmore to keep him from testifying for the government.

We noted previously that the case presented a question unresolved in this Circuit: "whether the calling of a witness whom the defendant knows will testify falsely could constitute obstruction of justice under § 3C1.1," Washington, 398 F.3d at 313 n.8. Several circuits have upheld an adjustment for obstruction of justice in this circumstance, based in each case on an inference that the defendant suborned the false testimony. See United States v. Calderon-Avila, 322 F.3d 505, 507 (8th Cir. 2003); United States v. Miller, 159 F.3d 1106, 1112-13 (7th Cir. 1998); United

States v. Lowder, 148 F.3d 548, 552-53 (5th Cir. 1998). We conclude from these decisions that the district court's determination that Washington obstructed justice by knowingly calling his wife to give perjured testimony could be affirmed if the court's factual finding is supported by the record.

However, we need not reach the question of whether Washington suborned his wife's perjury. In the circumstances of this case, the district court's determination that Washington knowingly based his defense on his wife's perjured testimony is not clearly erroneous and is sufficient to warrant the adjustment. Washington's wife's testimony was central to his defense. The defense attorney's emphasis on Mrs. Washington's testimony in his opening statement indicates that he knew what her testimony would be. The court's conclusion that Washington also knew how she would testify is not clearly erroneous. Mrs. Washington's testimony contradicted the testimony of Officer Tugya, who testified that the door to Washington's house was opened by a man who resembled Washington rather than her description of James Hill. Her testimony also contradicted Washington's statement at arrest that he lived at 3037 East Monument Street, and contradicted Gilmore's initial statements to the police and identification of Washington as his assailant. Even if Washington did not induce his wife's false testimony, when Washington knowingly presented her false

testimony as his defense, he evinced a clear attempt to obstruct the administration of justice.[*]

Although the district court made the additional finding that Washington suborned perjury, we may affirm the judgment for any reason appearing by the record.  United States v. Swann, 149 F.3d 271, 277 (4th Cir. 1998); see also United States v. Garnett, 243 F.3d 824, 830 (4th Cir. 2001) (sentence enhancement may  be affirmed on the basis of "'any conduct [in the record] that independently and properly should result in an increase in the offense level' by virtue of the enhancement."  (quoting United States v. Ashers, 968 F.2d 411, 414 (4th Cir. 1992)).

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]Because of Gilmore's decision to recant his prior statements, Mrs. Washington's failure to tell the police that her husband was not home on November 11, 2001, and defense counsel's focus on Mrs. Washington's testimony in his opening statement, this case is distinguishable from United States v. Lesczynski, 86 F. App'x 551 (4th Cir. 2004) (No. 02-4431).