# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1017

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Helena Michelle Matlock, also known | * | [UNPUBLISHED] |
| as Marteka Matlock, | * | |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted: May 18, 2006
Filed: May 24, 2006

———————

Before BYE, HANSEN, and SMITH, Circuit Judges.

———————

PER CURIAM.

Helena Michelle Matlock appeals the sentence of ninety-seven months imposed by the district court.[1]  We affirm.

Matlock challenges her pre-Booker sentence on three grounds, the first of which arises under United States v. Booker, 543 U.S. 220 (2005).  Matlock did not raise a constitutional objection to the application of the United States Sentencing Guidelines

———————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

before the district court. Accordingly, we review for plain error. United States v. Light, 406 F.3d 995, 1000 (8th Cir. 2005). The district court stated its sentence would have been identical if the Guidelines were found unconstitutional and it had complete discretion to impose sentence. Because the district court properly considered the factors under 18 U.S.C. § 3553(a) in arriving at its alternative sentence, Matlock cannot show plain error. See United States v. Vinton, 429 F.3d 811, 819-20 (8th Cir. 2005) (concluding no plain error exists when the district court announces an alternative, discretionary sentence higher than the sentence pronounced because the defendant cannot establish he would have received a more lenient sentence under an advisory Guideline regime).

Matlock next challenges her sentence arguing the district court erred in applying an obstruction of justice enhancement for her failure to appear at two sentencing hearings and resisting arrest. Matlock's argument, however, is uncompelling. See United States v. Young, 315 F.3d 911, 913 (8th Cir. 2003) (holding the willful failure to appear warrants the application of an obstruction of justice enhancement under U.S.S.G. § 3C1.1(A)). To the extent Matlock argues the district court must find the facts necessary to support the enhancement beyond a reasonable doubt, this argument is foreclosed by our precedent. See United States v. McKay, 431 F.3d 1085, 1094 (8th Cir. 2005).

Matlock's final argument is the district court erred in not applying a three-level reduction for acceptance of responsibility by pleading guilty. We review the district court's decision to not apply a reduction for acceptance of responsibility for clear error. United States v. Winters, 416 F.3d 856, 860 (8th Cir. 2005). It is a rare and exceptional case when both an obstruction of justice enhancement and a reduction for acceptance of responsibility are warranted. United States v. Perez, 270 F.3d 737, 739 (8th Cir. 2001). In determining when both are warranted, "[t]he district court should consider the totality of the circumstances, including the nature of the appellee's obstructive conduct and the degree of [the defendant's] acceptance of responsibility."

Id. (internal quotation omitted).  The district court should also consider the timing of the obstruction, its duration, whether the obstruction was stopped voluntarily or by law enforcement officials, whether the defendant admitted and recanted or denied the obstruction at sentencing, and the extent of the defendant's cooperation with investigating officials.  United States v. Honken, 184 F.3d 961, 968 (8th Cir. 1999).

The district court considered these factors and concluded the totality of the circumstances, including Matlock's failure to appear, and her eventual arrest for such failure, resistance to that arrest, and denial of the obstructive nature of her conduct, did not sufficiently warrant a reduction for acceptance of responsibility despite the application of an enhancement for obstruction of justice. See United States v. Muro, 357 F.3d 743, 745 (8th Cir. 2004).  This conclusion is not clearly erroneous.

We therefore affirm the district court.

_____