# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 05-3003

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Hector Salmeron, also known as Hector | * | |
| Vilatoro, also known as Hector | * | |
| Salmeron Villatoro, also known as | * | [UNPUBLISHED] |
| Hector Villatoro Salmeron, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 16, 2006
Filed: June 16, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Hector Salmeron appeals the sentence the district court[1] imposed after he pleaded guilty to illegal reentry into the United States after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), and 6 U.S.C.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

§§ 202(3)-(4) and 557. On appeal, his counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967).

At the plea hearing, Salmeron was at first hesitant to plead guilty, claiming he did not know what the charge was. He later stated that he would plead guilty to reentering the United States without lawful consent after having been deported, but expressed concern that the indictment took into account his past aggravated felony, for which he had already been punished. Ultimately, Salmeron stated that he would plead guilty to reentry, and the district court accepted his plea. With respect to the advisory Sentencing Guidelines, Salmeron's prior conviction for felony aggravated assault resulted in both an offense-level enhancement and a higher criminal history category. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Salmeron to 30 months in prison.

The <u>Anders</u> brief suggests that using Salmeron's prior conviction to increase both his offense level and his criminal history category is impermissible double-counting; and that enhancing Salmeron's sentence because of the prior conviction (for which he has already been punished) violates the Double Jeopardy Clause. This circuit's precedent forecloses both contentions. <u>See</u> <u>United States v. Sebastian</u>, 436 F.3d 913, 917 (8th Cir. 2006) (double-counting); <u>United States v. Thomas</u>, 930 F.2d 12, 14 (8th Cir. 1991) (double jeopardy).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we conclude that Salmeron demonstrated a sufficient understanding of the charge to make a valid plea. The record indicates that Salmeron's hesitancy to plead guilty was based upon his opposition to the increased penalties triggered by his past aggravated felony conviction, but he clearly stated that he was pleading guilty to entering the United States illegally after being deported, and he did not deny the prior conviction. <u>See</u> 8 U.S.C. § 1326(a) (any alien who has been deported and thereafter is found in the United States without the Attorney General's express consent to

reapplication for admission shall be fined under Title 18 or imprisoned not more than 2 years or both); § 1326(b) (in case of illegal reentry, alien whose removal was subsequent to conviction for aggravated felony shall be fined under Title 18, imprisoned not more than 20 years, or both); <u>United States v. Perez</u>, 270 F.3d 737, 739-40 (8th Cir. 2001) (plea of guilty is constitutionally valid only if it is made voluntarily and intelligently; plea is not made intelligently where defendant is not given notice of true nature of charge; district court must inform defendant of, and determine he understands, nature of charge), <u>cert. denied</u>, 535 U.S. 945 (2002).

We find no other nonfrivolous issues.  Accordingly, we affirm.  We also grant counsel's motion to withdraw.

_____