# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2426

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas |
| | * | |
| Bobby Keith Moser, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |
| | * | |
| | * | |

_____

Submitted: September 7, 2006
Filed: September 18, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Bobby Moser challenges the sentence the district court[1] imposed following his pleas of guilty to various conspiracies, fraud, money laundering, obstruction of justice, transportation of stolen property, and false declaration. The district court sentenced Moser to 188 months in prison and 3 years of supervised release. We affirm.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Moser first argues the district court erred in calculating the advisory Sentencing Guidelines imprisonment range by not including a reduction under U.S.S.G. § 3E1.1 for accepting responsibility. Moser had received an increase under U.S.S.G. § 3C1.1 for obstructing justice, and we conclude the district court "properly considered [Moser's] circumstances and did not commit clear error in concluding that [Moser's] situation was not exceptional." See United States v. Muro, 357 F.3d 743, 745 (8th Cir. 2004) (per curiam) (totality-of-circumstances analysis is applied to determine whether case is "extraordinary" for purposes of applying both § 3C1.1 and § 3E1.1; district court should consider, inter alia, whether obstructive conduct was isolated incident, whether defendant admitted and recanted his obstructive conduct, and to what degree he accepted responsibility and aided the prosecution). It was undisputed that, at the same time Moser was engaging in plea negotiations and had agreed to plead guilty in two prosecutions, he also was engaging in numerous questionable or illegal transactions and money transfers and accumulating a large amount of cash, so he could flee to Madagascar. Additionally, the district court did not clearly err in finding that, after being apprehended and retrieved from Madagascar, Moser had not been entirely forthcoming in disclosing the location of assets for forfeiture. See United States v. Londondio, 420 F.3d 777, 789 (8th Cir. 2005) (whether defendant has accepted responsibility is factual question particularly suited for sentencing court and court's determination is therefore accorded "great deference"); Muro, 357 F.3d at 745 (it is not generally extraordinary when defendant merely ceases obstructive conduct; defendant must earn acceptance of responsibility by performing positive actions that counter his negative ones).

We also reject Moser's argument that application of the remedial opinion in United States v. Booker, 543 U.S. 220 (2005), violated his due process rights. See United States v. Wade, 435 F.3d 829, 831-32 (8th Cir. 2006) (per curiam) (rejecting defendant's argument that district court violated her right to due process by treating Guidelines as advisory in sentencing her for conduct that occurred pre-Booker: Ex Post Facto Clause does not apply to judiciary, so proper challenge is through due

process; district court followed directions from <u>Booker</u> remedial opinion; district court and court of appeals are "obliged to follow the Supreme Court's directive"; and "Supreme Court would not direct [courts] to violate the Constitution"). Finally, we find that Moser's sentence is not unreasonable based upon his arguments in this court, and Moser has pointed to nothing else in the record to rebut the presumption that his sentence at the bottom of the applicable Guidelines range is reasonable. <u>See</u> <u>United States v. Lincoln</u>, 413 F.3d 716, 717-18 (8th Cir.) (sentence within applicable Guidelines range is presumptively reasonable and burden is on defendant to rebut that presumption), <u>cert. denied</u>, 126 S. Ct. 840 (2005).

Accordingly, we affirm.

_____