# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4546

_____

United States of America

*Plaintiff - Appellee*

v.

Herman Terrill Baylor

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: October 4, 2017
Filed: October 16, 2017
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Herman Baylor appeals after he pleaded guilty to a felon-in-possession offense and the District Court[1] sentenced him below the advisory United States Sentencing

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

Guidelines range. His counsel has moved for leave to withdraw and has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), arguing that the District Court applied an incorrect base offense level in its Guidelines calculations, improperly applied obstruction-of-justice and acceptance-of-responsibility adjustments, and imposed a substantively unreasonable sentence.

We conclude that any error by the District Court in determining Baylor's base offense level was harmless in light of that court's statements at sentencing. See United States v. Henson, 550 F.3d 739, 741 (8th Cir. 2008) (noting that procedural errors in determining an advisory Guidelines sentencing range are subject to harmless-error analysis and "that a significant procedural error can be harmless"), cert. denied, 556 U.S. 1270 (2009). We further conclude that the District Court did not err in applying the challenged adjustments, see United States v. Calderon-Avila, 322 F.3d 505, 507 (8th Cir. 2003) (per curiam) (standards of review), and did not impose a substantively unreasonable sentence, see Gall v. United States, 552 U.S. 38, 51 (2007) (discussing substantive reasonableness).

We have independently reviewed the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), and we find no nonfrivolous issues for appeal. We affirm Baylor's sentence and grant counsel's motion to withdraw.

_____