# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-1653MN

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Jeffrey Brian Martinez, | * | [To Be Published] |
| | * | |
| Appellant. | * | |

———————

Submitted: November 29, 2000

Filed: December 12, 2000

———————

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

———————

PER CURIAM.

Jeffrey Brian Martinez pleaded guilty to conspiring to commit bank larceny from automatic teller machines (ATMs), in violation of 18 U.S.C. §§ 371 and 2113(b), and bank larceny from an ATM, in violation of 18 U.S.C. §§ 2 and 2113(b). The presentence report recommended assessing an obstruction-of-justice enhancement and denying an acceptance-of-responsibility reduction, because, although Martinez had been cooperative throughout the interview process, he subsequently failed alcohol and drug tests while under court-ordered supervision at a halfway house, he absconded

from the halfway house prior to a bond-revocation hearing, and he failed to appear for the hearing. Over his objection at sentencing, the District Court[1] denied a reduction for acceptance of responsibility and applied an enhancement for obstruction of justice. Martinez was sentenced to concurrent prison terms of 5 years and 5 years 11 months, plus 3 years supervised release. He appeals, arguing the Court erred as to the enhancement and reduction, because they were based on the same misconduct and were not directly linked to the ATM offenses. He also contends the Court erred by not analyzing his case to determine whether it was "extraordinary."

We review for clear error the District Court's findings with respect to the obstruction-of-justice enhancement and the acceptance-of-responsibility reduction. See United States v. Baker, 200 F.3d 558, 562 (8th Cir. 2000) (standard of review for enhancement); United States v. Ervasti, 201 F.3d 1029, 1043 (8th Cir. 2000) (standard of review for reduction). Having done so, we find no error in light of Martinez's pre-sentencing misbehavior. See U.S.S.G. § 3C1.1, comment. (n.4(e)) (obstruction enhancement applies to escaping from custody before sentencing, and willful failure to appear for judicial proceeding); U.S.S.G. § 3E1.1, comment. (n.4) (conduct supporting obstruction enhancement ordinarily indicates defendant should not receive acceptance reduction; however, in "extraordinary cases . . . adjustments under both §§ 3C1.1 and 3E1.1 may apply"); United States v. Honken, 184 F.3d 961, 968, 970 (8th Cir.) (burden is on defendant to establish entitlement to acceptance reduction; committing obstructive conduct between plea and sentencing "would almost certainly" disqualify defendant from receiving such reduction), cert. denied, 120 S. Ct. 602 (1999); United States v. Byrd, 76 F.3d 194, 197 (8th Cir. 1996) (§ 3E1.1 does not preclude sentencing judge, in exercise of discretion, from considering unlawful conduct unrelated to offense of conviction in determining whether defendant qualifies for acceptance reduction); United States v. Shinder, 8 F.3d 633, 635 (8th Cir. 1993) (defendant's flight prior to

---

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

sentencing was "sufficient ground" both to apply obstruction enhancement and to deny acceptance reduction).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.