# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3483

_____

United States of America,      *
     *
         Appellee,      *    Appeal from the United States
     *    District Court for the District
     v.      *    of Nebraska.
     *
David L. Trowbridge,      *      [UNPUBLISHED]
     *
         Appellant.      *

_____

Submitted: May 14, 2002

Filed: May 20, 2002

_____

Before McMILLIAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

David L. Trowbridge pleaded guilty to conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994, Supp. V 1999). After entering his plea, Trowbridge completed a drug treatment program and entered a halfway house. Trowbridge left the halfway house without permission, did not appear for his sentencing hearing, and later was arrested on a bench warrant. Trowbridge was in possession of methamphetamine at the time of his arrest. Because Trowbridge absconded from the halfway house, the probation department recommended a two point enhancement for obstruction of justice and did not recommend a reduction for acceptance of responsibility. Trowbridge's attorney

objected. At sentencing, the district court[*] included the obstruction enhancement, denied the acceptance of responsibility reduction, and sentenced Trowbridge to 235 months imprisonment. Trowbridge now appeals the district court's denial of the acceptance of responsibility reduction, contending that his case is extraordinary under U.S. Sentencing Guidelines Manual § 3E1.1, cmt. n.4 (2001). Having reviewed the district court's decision to deny an acceptance of responsibility reduction for clear error and the court's interpretation of the guidelines de novo, we affirm. United States v. Martinez, 234 F.3d 1047, 1048 (8th Cir. 2000) (reviewing refusal to award reduction for clear error); United States v. Honken, 184 F.3d 961, 967 (8th Cir.), cert. denied, 528 U.S. 1056 (1999) (reviewing interpretation of U.S.S.G. § 3E1.1, cmt. n. 4 de novo).

Application note four states that conduct resulting in an obstruction of justice enhancement under U.S.S.G. § 3C1.1 "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." We conclude that Trowbridge's post-plea obstructive conduct disqualifies him from receiving a § 3E1.1 reduction. Honken, 184 F.3d at 970; United States v. Loeb, 45 F.3d 719, 722 (2d Cir. 1995) (refusing reduction where defendant failed to appear for sentencing). Trowbridge's obstructive conduct was on-going, he did not voluntarily surrender himself, and he was in possession of methamphetamine when arrested. Honken, 184 F.3d at 968. Trowbridge claims his assistance to the Government by supplying many names of fellow drug-traffickers and users was extraordinary and he thus should be awarded an acceptance of responsibility reduction. The Government disagrees, contending that nothing useful has come of Trowbridge's information. Because Trowbridge bears the burden of proving his entitlement to a reduction, and he has offered no proof of the usefulness of his assistance to the government or that

---

[*]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

his cooperation was exceptional, we have no difficulty rejecting his claim.  <u>Martinez</u>, 234 F.3d at 1048.

We thus affirm Trowbridge's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.