# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3647

_____

United States of America,       *
      *
           Appellee,       *
      *    Appeal from the United States
        v.       *    District Court for the
      *    Northern District of Iowa.
Leland Duane Young,       *
      *
           Appellant.       *

_____

Submitted:  October 8, 2002

Filed:  January 8, 2003 (corrected 1/10/03)

_____

Before BOWMAN, RICHARD S. ARNOLD, and LOKEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

The appellant, Leland Duane Young (Young),[1] pleaded guilty to possession with intent to distribute, distribution, and conspiracy to distribute more than 100 grams of methamphetamine and was sentenced to 188 months in prison.  See 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), 846 (1988 & Supp. V).  On appeal, Young

_____

[1]Young was previously before this Court in United States v. Young, 223 F.3d 905 (8th Cir. 2000) (reversing suppression of inculpatory affidavit), cert. denied, 531 U.S. 1168 (2001).

urges that the District Court[2] erred in four ways: when it assessed him a two-level increase for obstruction of justice; when it declined to grant him a three-level reduction for acceptance of responsibility; when it declined to depart downward in his sentence based on his pre-sentence confinement, his health, and his age; and when it declined to depart downward based on his claims of ineffective assistance of counsel. We find no error in the record before us and affirm.

On appeal, a district court's interpretation of the sentencing guidelines is subject to de novo review while its findings of fact are reviewed for clear error. United States v. Auginash, 266 F.3d 781, 785 (8th Cir. 2001) (quoting United States v. Larson, 110 F.3d 620, 627 (8th Cir. 1997)). We consider Young's four claims in turn.

Young first argues that his failure to appear at his plea and sentencing hearing does not warrant the obstruction-of-justice enhancement that the District Court applied. We review the District Court's imposition of the enhancement for clear error. United States v. Martinez, 234 F.3d 1047, 1048 (8th Cir. 2000). Section 3C1.1 of the United States Sentencing Guidelines (U.S.S.G.) provides for a two-level increase in a defendant's offense level where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1.[3] The commentary's non-exhaustive list of behavior that satisfies § 3C1.1 notes that "escaping or attempting to escape from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding" is enough to bring a defendant within § 3C1.1's ambit. Id. at cmt. 3(e). Young willfully fled the jurisdiction before

_____

[2]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

[3]The District Court sentenced Young under the November 1, 1992 edition of the U.S.S.G.

his plea and sentencing hearing. He remained at large for some five months and was only apprehended after he was identified during a routine traffic stop. In these circumstances, the District Court did not clearly err when it applied § 3C1.1's two-level enhancement to Young's base-offense level.

Young next contends that, notwithstanding his flight from justice, his case is extraordinary and that the District Court erred when it refused to grant him a three-level decrease for acceptance of responsibility pursuant to § 3E1.1(a)-(b) of the guidelines. Like a district court's decision to apply an obstruction-of-justice enhancement, the refusal to grant an acceptance-of-responsibility decrease in a defendant's offense level is reviewed for clear error. Martinez, 234 F.3d at 1048. The Sentencing Guidelines provide that in an "extraordinary case[]" a defendant might receive an obstruction-of-justice enhancement *and* an acceptance-of-responsibility decrease. Id. at § 3E1.1, cmt. 4; see also United States v. Honken, 184 F.3d 961, 967-68 (8th Cir. 1999), cert. denied, 528 U.S. 1056 (1999). We agree with the District Court that Young has shown no reason for treating his case as extraordinary. Accordingly, the District Court's refusal to grant Young an acceptance-of-responsibility decrease was not clearly erroneous. Like the District Court, we conclude that neither the defendant's apparent doubt concerning his attorney's loyalty nor the flight of his co-defendants takes his case out of the ordinary.

Young also maintains that the District Court erred when it declined to depart downward based on his age, health, and pre-sentence confinement. Unlike a district court's decision to enhance for obstruction of justice or to grant a departure for acceptance of responsibility, a district court's discretionary decision not to grant a § 5K2.0 departure from the applicable guidelines sentencing range is unreviewable absent an allegation that the district court had an unconstitutional motivation or erroneously determined that it lacked the authority to depart. United States v. Lalley, 257 F.3d 751, 757 (8th Cir. 2001) (citing United States v. Navarro, 218 F.3d 895, 897 (8th Cir. 2000)). Here, the District Court properly found that it had authority to

exercise its discretion to depart under § 5K2.0 but declined to do so. Because there is no claim of unconstitutional motivation, the District Court's ruling is not subject to review.

Finally, Young urges that the District Court should have granted him a downward departure pursuant to § 5K2.0 and 18 U.S.C. § 3553 because the attorney who represented him prior to his flight from justice (Young obtained different counsel after he was apprehended) labored under a conflict of interest and provided ineffective assistance of counsel.[4] It is usually the case that "[e]xcept where a miscarriage of justice would obviously result or the outcome would be inconsistent with substantial justice, ineffective assistance of counsel issues are more appropriately raised in collateral proceedings because they normally involve facts outside the original record." United States v. Woods, 270 F.3d 728, 730 (8th Cir. 2001) (citation omitted), cert. denied, 122 S.Ct. 1342 (2002). In this case, however, Young presented evidence regarding his ineffective-assistance-of-counsel claim at the hearing on a motion in limine as well as at his sentencing hearing, and the District Court denied the claim. Therefore, we may reach Young's ineffective-assistance-of-counsel claim in this direct appeal.

On the record before us, we agree with the District Court that Young has failed to demonstrate either an actual conflict of interest or constitutionally substandard performance and resulting prejudice as required by Strickland v. Washington, 466

_____

[4]Specifically, Young argues that his original attorney, Rick Olson, labored under a conflict of interest because, although a solo practitioner, he shared office space with his co-defendant's attorney. Young also claims that he was coerced into accepting an initial plea bargain (Young entered into a second, superseding plea bargain following his flight from justice) by his co-defendant's attorney during an alleged telephone conversation. Finally, Young contends that he received ineffective assistance of counsel because his attorney (Rick Olson) did not personally review the government's entire discovery file and instead relied on the opinion of Young's co-defendant's attorney regarding some of the evidence.

U.S. 668, 694 (1984).[5] Previously, we held that Young's waiver of his rights in the plea bargain he entered into before fleeing from prosecution was knowing and voluntary and that he secured certain benefits from the bargain such as a promise not to seek a sentencing enhancement that could have doubled his sentence. Young, 223 F.3d at 907, 911. Young has failed to present any evidence from which we can conclude that his Sixth Amendment rights were violated. Based on the record as a whole, the District Court properly found that there was no ineffective assistance of counsel.

Moreover, assuming arguendo that Young were able to establish an ineffective-assistance-of-counsel claim, a § 5K2.0 departure would not be his remedy. A district court must impose a sentence within the applicable guidelines range "unless the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18

---

[5]A defendant's claim that his or her attorney labored under a conflict of interest and therefore provided constitutionally inadequate representation is judged under several different standards. Where the alleged conflict involves multiple or serial representation, two different standards apply. If the defendant raised the issue at trial, the defendant need only prove an actual conflict of interest and reversal follows automatically upon such a showing. Mickens v. Taylor, 535 U.S. 162, ---,122 S. Ct. 1237, 1241-42 (2002). Where the issue was not raised at trial, the defendant must show an actual conflict of interest that affected the adequacy of his or her representation. Id. at 1243. On the other hand, where the alleged conflict involves ethical issues other than multiple or serial representation, this Circuit has held that Strickland is still the appropriate standard. Caban v. United States, 281 F.3d 778, 783-84 (8th Cir. 2002); see also Mickens, 535 U.S. at ---, 122 S. Ct. at 1245-46 (noting that "the language of [Cuyler v.] Sullivan itself does not clearly establish, or indeed even support, such [an] expansive application" of the automatic reversal standard to other types of ethical conflicts). Thus, Strickland governs our inquiry into the whole of Young's Sixth Amendment claims. However, even if we were to apply one of the more lenient standards, we would still conclude that Young has failed to establish a violation of his Sixth Amendment rights.

U.S.C. § 3553(b). Unlike the nature of the offense or the defendant's remorse, culpability, or level of participation, the fact that a defendant received ineffective assistance of counsel does not speak to "the nature and circumstances of the offense and the history and characteristics of the defendant," the factors a court must consider when imposing a sentence. Id. at § 3553(a)(1). In contrast, ineffective assistance of counsel in the Strickland sense is a constitutional violation that speaks to the validity of the defendant's conviction or sentence. It follows that ineffective assistance of counsel is not a valid ground for a downward departure under § 5K2.0. See United States v. Basalo, 258 F.3d 945, 950 (9th Cir. 2001); United States v. Bicaksiz, 194 F.3d 390, 398 (2d Cir. 1999), cert. denied, 528 U.S. 1161 (2000); United States v. Martinez, 136 F.3d 972, 980 (4th Cir.), cert. denied, 525 U.S. 849 (1998). Were we to hold that there was ineffective assistance of counsel, which in this case we do not, the remedy would be to vacate the underlying conviction or sentence, and not to order a § 5K2.0 departure.

There being no merit to any of Young's several claims, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-