# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3888

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jose DeJesus Arrellano-Garcia, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 24, 2003
Filed: July 9, 2003

_____

Before BOWMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

In June 1997, Jose Arrellano-Garcia was arrested for selling methamphetamine. After making an initial court appearance and posting bond, he failed to appear at a subsequent court hearing and fled to Mexico. In March 2002, Arrellano-Garcia was arrested while attempting to enter the United States from Mexico. He pleaded guilty to distributing methamphetamine. See U.S.C. §§ 841(a)(1) & 841(b)(1)(B) (2000). The District Court[1] sentenced him to forty-six months of imprisonment and three years of supervised release. On appeal, Arrellano-Garcia argues that the District

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

Court clearly erred in enhancing his Guidelines range for obstructing justice.  <u>See</u> U.S.S.G. § 3C1.1 (2002).

We conclude that the District Court did not clearly err in enhancing Arrellano-Garcia's sentence under section 3C1.1.  <u>See</u> U.S.S.G. § 3C1.1, cmt. n.4(e) (2002) (providing non-exhaustive list of conduct to which enhancement applies including "escaping . . . from custody before trial or sentencing; or willfully failing to appear, as ordered, for a judicial proceeding"); <u>United States v. Young</u>, 315 F.3d 911, 913 (8th Cir. 2002) (noting standard of review), <u>cert. denied</u>, 123 S. Ct. 2108 (2003). Arrellano-Garcia's argument that his five-year flight delayed but did not impede the government's investigation into his case is without merit.  By its own terms § 3C1.1 applies when a defendant obstructs or impedes, or attempts to obstruct or impede, the investigation, prosecution, or sentencing of an offense. <u>See</u> U.S.S.G. § 3C1.1; <u>United States v. Billingsley</u>, 160 F.3d 502, 506-507 (8th Cir. 1998) (holding that obstruction-of-justice enhancement was warranted where defendant absconded after arrest but before indictment).  In this case, the government was unable to complete its prosecution of Arrellano-Garcia's offense while he was a fugitive. <u>See</u> <u>United States v. Smith</u>, 62 F.3d 1073, 1079 (8th Cir. 1995) (holding that obstruction-of-justice enhancement applied where facts indicated that defendant actively impeded arrest and resolution of her case when she fled after being questioned), <u>cert. denied</u>, 516 U.S. 1098 (1996).

Accordingly, we affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.