# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1709

_____

United States of America,

        Appellee,

      v.

John E. Davis,

        Appellant.

*
*
*
*
*
*
*
*
*
*

Appeal from the United States
District Court for the
District of Nebraska.

[PUBLISHED]

_____

Submitted:  December 17, 2003
Filed: February 2, 2004

_____

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

John E. Davis was charged with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846; tampering with a witness, in violation of 18 U.S.C. § 1512; and use and discharge of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).  A jury convicted Davis on all three counts, and the district court[1] sentenced him to life in

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

prison. Davis appeals, arguing that the evidence was insufficient to support the convictions, that the district court abused its discretion in admitting prejudicial evidence, and that the district court erred in imposing his sentence. We affirm his convictions and his sentence.

## I. Sufficiency of the Evidence

In resolving a challenge to the sufficiency of the evidence supporting a conviction, we must view the evidence in the light most favorable to the prosecution. See Miller v. Lock, 108 F.3d 868, 870 (8th Cir. 1997). If "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," we must uphold the conviction. Id. Davis argues that the jury's verdict as to the conspiracy charge was not supported by sufficient evidence because much of the evidence came from cooperating witnesses. As we have held in similar cases, the testimony of cooperating witnesses "more than suffices to sustain a conviction for conspiracy to distribute methamphetamine," United States v. Aguilar-Portillo, 334 F.3d 744, 747 (8th Cir. 2003), and any question as to the credibility of the cooperating witnesses is for the jury alone to determine, United States v. Mangine, 302 F.3d 819, 823 (8th Cir. 2002). In this case, much of the physical and documentary evidence presented to the jury corroborated the cooperating witnesses' testimony. Thus, there was more than sufficient evidence to convict Davis on the conspiracy charge. Furthermore, even if the evidence suggests that there were multiple conspiracies – an argument Davis makes for the first time on appeal – Davis could not have been prejudiced because the evidence was sufficient for the jury to conclude that Davis was involved in all of the conspiracies. C.f. United States v. Kamerud, 326 F.3d 1008, 1013 (8th Cir.), cert. denied, 124 S. Ct. 969 (2003).

Davis also argues that there was insufficient evidence to support the tampering with a witness charge because there was not a federal investigation pending at the time he shot Mark Osborn. This argument fails because the statute does not require proof that a federal case was pending at the time of the alleged tampering, see 18

U.S.C. § 1512(e)(1), and there is sufficient circumstantial evidence to prove that Davis acted under a belief that Osborn was a potential witness against him. Finally, because the physical and circumstantial evidence strongly suggests that Davis shot Osborn in order to keep him from testifying about Davis's role in the drug conspiracy, there is also sufficient evidence for the jury to have found that Davis fired a weapon in furtherance of the conspiracy.

## II. Admissibility of Evidence

Davis argues that the district court should not have admitted evidence relating to Davis's alleged threats and beatings of women, including a young girl, because it was highly prejudicial, and neither relevant nor probative. We review evidentiary rulings for abuse of discretion. See United States v. Maynie, 257 F.3d 908, 915 (8th Cir. 2001), cert. denied, 534 U.S. 1151, and cert. denied, 535 U.S. 944 (2002). The prosecution presented evidence that Davis committed acts of violence and made threats against Joanne Winter, Mark Osborn, and Osborn's children for the purpose of silencing potential witnesses and furthering the drug conspiracy. We have upheld the admission of similar evidence in other cases, see, e.g., id. at 916; United States v. Dierling, 131 F.3d 722, 730-31 (8th Cir. 1997), cert. denied, 523 U.S. 1054, and cert. denied, 523 U.S. 1066, and cert. denied, 524 U.S. 922 (1998), including evidence of threats made to harm a potential witness's children, see United States v. Montano-Gudino, 309 F.3d 501, 505 (8th Cir. 2002). Because drug dealing is often a violent vocation, and because the evidence of threats and violence was presented to show the lengths that Davis would go to protect the conspiracy, its probative value was substantial and far outweighed any prejudicial effect. The district court did not abuse its discretion in admitting such evidence.

## III. Sentencing Guidelines

Davis raises three arguments challenging the district court's determination of his sentence under the Sentencing Guidelines. First, Davis argues that the district court erred in imposing a two-level enhancement for obstruction of justice pursuant

3

to U.S.S.G. § 3C1.1. We conclude that the district court did not clearly err in finding that Davis's threats and acts of violence against Mark Osborn, Margie Smith, James Smith, and Joanne Winter were calculated to impede a criminal investigation and therefore constituted an obstruction of justice. United States v. Swick, 334 F.3d 784, 787 (8th Cir. 2003) (standard of review).

Second, Davis argues that the district court erred in imposing a four-level aggravating role enhancement under U.S.S.G. § 3B1.1(a). Because the evidence shows that Davis directed the activities of at least one other coconspirator, Mary Negethon, c.f. United States v. Sarabia-Martinez, 276 F.3d 447, 451 (8th Cir. 2002), and exercised control over other coconspirators through threats or violence, c.f. United States v. Slaughter, 238 F.3d 580, 585 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001), the district court did not clearly err in concluding that Davis was a leader or organizer of the conspiracy. We affirm the district court's imposition of the four-level enhancement.

Third, Davis argues that the district court erred in relying upon the testimony of cooperating witnesses to calculate the amount of drugs involved in the conspiracy. We give great deference to the district court's evaluation of witness credibility and its calculation of drug quantity. See United States v. Quintana, 340 F.3d 700, 702 (8th Cir. 2003). Because the testimony of the witnesses believed by the court to be credible is sufficient to support the district court's determination that Davis was responsible for a minimum of 10 kilograms of methamphetamine, we see no clear error in the district court's findings, and we affirm its calculation of the base offense level.

Accordingly, the judgment of the district court is affirmed.

_____