# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-2273

_____

United States of America,

        Appellee,

v.

Antoine Tony Wright,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Northern District of Iowa.

[UNPUBLISHED]

_____

Submitted: February 9, 2004
Filed: February 24, 2004

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

A grand jury charged Antoine Tony Wright with distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1). After he was arraigned, he was placed on pretrial release. On October 15, 2002, Wright entered into a written plea agreement. However, he failed to appear for his scheduled change-of-plea hearing on October 25, 2002. A warrant was issued, and Wright was arrested on December 11, 2002. He pleaded guilty on January 2, 2003.

At sentencing, the government stood by its plea-agreement recommendation not to seek an enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual (USSG) § 3C1.1. The district court[1] nonetheless followed the recommendation of the presentence report and imposed the enhancement due to Wright's failure to appear for the change-of-plea hearing. The district court denied Wright's request for a reduction for acceptance of responsibility under USSG § 3E1.1. The result was a Guidelines imprisonment range of seventy to eighty-seven months. The district court sentenced Wright to seventy-six months in prison and three years of supervised release, and he appeals.

Wright first argues that the district court erroneously applied the obstruction-of-justice enhancement. We review for clear error. See United States v. Young, 315 F.3d 911, 913 (8th Cir.), cert. denied, 123 S. Ct. 2108 (2003). Wright admitted that he willfully failed to appear at the change-of-plea hearing because he wanted to spend more time with his daughter, who was going to celebrate a birthday. Our precedent is clear that a district court does not commit clear error by applying an obstruction-of-justice enhancement to a defendant who fails to appear at a change-of-plea hearing. See id. (citing USSG § 3C1.1, comment. (n.4(e)) ("willfully failing to appear, as ordered, for a judicial proceeding" constitutes obstruction of justice")). The parties' plea-agreement recommendations were of the type that did not bind the district court, see Fed. R. Crim. P. 11(c)(1)(B), leaving it free to enhance Wright's sentence for obstruction of justice based on the undisputed facts regarding his failure to appear, see United States v. Griggs, 71 F.3d 276, 281 (8th Cir. 1995).

Next, Wright argues that the district court erroneously refused to grant him a reduction for acceptance-of-responsibility. Again, our review is for clear error. See Young, 315 F.3d at 913. The Guidelines provide that, while conduct resulting in an

---

[1] The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

enhancement for obstruction of justice usually indicates that a defendant has not accepted responsibility, there may be "extraordinary cases" in which a defendant who receives an obstruction-of-justice enhancement may also receive an acceptance-of-responsibility reduction. See USSG § 3E1.1, comment. (n.4). Having reviewed the record, we agree with the district court that Wright "has shown no reason for treating his case as extraordinary." Young, 315 F.3d at 913. Since it was Wright's burden to demonstrate his entitlement to an acceptance-of-responsibility reduction, the district court did not clearly err in denying him one.

Finally, Wright argues that the district court erred by not sentencing him at the bottom of the Guidelines imprisonment range. He correctly concedes, however, that a defendant's "contention that he should have been sentenced at the low end of the range is not reviewable." United States v. Arrington, 255 F.3d 637, 639 (8th Cir.), cert. denied, 534 U.S. 1049 (2001).

Accordingly, we affirm the judgment of the district court.

_____