# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4012

_____

United States of America,                          *
                                                    *
            Appellee,                               *
                                                    *    Appeal from the United States
      v.                                            *    District Court for the
                                                    *    District of Nebraska
Apolonio Moreno,                                    *
                                                    *       [UNPUBLISHED]
            Appellant.                              *

_____

Submitted: March 5, 2004

Filed: March 24, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Apolonio Moreno appeals from the final judgment entered in the District Court for the District of Nebraska after he was resentenced. A jury had convicted him on the following counts: possession with intent to distribute marijuana (Count 1), amphetamine (Count 2), and cocaine (Count 3), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; criminal forfeiture, in violation of 21 U.S.C. § 853 (Count 4); and conspiracy to distribute cocaine, methamphetamine, amphetamine, and marijuana, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 5). The district court imposed a single sentence of 216 months imprisonment and 3 years supervised release. Counsel has moved to withdraw on appeal pursuant to Anders v. California, 386 U.S.

738 (1967), and has filed a brief challenging the drug quantity determination, upward adjustments for firearm possession and obstruction of justice, and the denial of a downward departure motion. Moreno has filed a pro se supplemental brief, contending counsel rendered ineffective assistance at resentencing. For the reasons discussed below, we grant counsel's motion to withdraw, and we affirm the judgment of the district court with modification.

We reject the arguments raised in the Anders brief. First, we conclude the resentencing court did not clearly err in converting all the drug types to their marijuana equivalencies and finding Moreno was responsible for a total of 2,007.84 kilograms of marijuana. The quantity finding was based on witness testimony and evidence of drugs seized from or near properties Moreno owned. See United States v. Davis, 357 F.3d 726, 729 (8th Cir. 2004) (finding no clear error in district court's drug quantity calculations where they were based on witness testimony believed by court to be credible); United States v. Kuenstler, 325 F.3d 1015, 1022 (8th Cir. 2003) (common practice of proving drug quantity is by evidence of actual quantities seized), cert. denied, 124 S. Ct. 1037 (2004); U.S.S.G. § 2D1.1, comment. (n.10) (Nov. 1995) (to obtain single offense level for different controlled substances, convert each drug to its marijuana equivalent, add quantities, and look up total in Drug Quantity Table to obtain combined offense level). Second, we need not consider the firearm enhancement issue, because Moreno did not raise it in his first appeal, see United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) (where party could have raised issue in prior appeal but did not, court later hearing same case need not consider matter); and we find Moreno is precluded from challenging the obstruction of justice enhancement, because he challenged it in his earlier appeal and we affirmed the enhancement, see United States v. Logan, 333 F.3d 876, 877-78 (8th Cir.) (per curiam) (in appeal from resentencing, sentencing-related arguments were precluded because they were previously raised or were essentially based on arguments resolved in first appeal), cert. denied, 124 S. Ct. 490, 970 (2003). Third, the district court's denial of Moreno's departure motion is unreviewable, because the court recognized

its authority to depart but declined to do so. See United States v. Young, 315 F.3d 911, 914 (8th Cir.) (district court's discretionary decision not to grant U.S.S.G. § 5K2.0 departure is unreviewable absent allegation that district court had unconstitutional motive or erroneously determined that it lacked authority to depart), cert. denied, 123 S. Ct. 2108 (2003).

We decline to address the ineffective assistance of counsel issue raised in Moreno's supplemental brief, because the record is not developed on this claim. See Young, 315 F.3d at 914 (except where miscarriage of justice would obviously result or outcome would be inconsistent with substantial justice, ineffective assistance of counsel issues are more appropriately raised in collateral proceedings because they normally involve facts outside original record).

We have reviewed the record pertaining to resentencing under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we conclude that the district court erred in sentencing Moreno to a total of 216 months, instead of pronouncing separate sentences for each count. See U.S.S.G. § 5G1.2, comment. (Nov. 1995) (in multiple-count case, total punishment--determined by adjusted combined offense level--is to be imposed concurrently on each count to extent allowed by statutory maximums). Because the resentencing court capped the marijuana quantity at 49.9 kilograms for Count 1, Moreno could not have been sentenced to more than 60 months in prison and 2 years supervised release on this count. See 21 U.S.C. § 841(b)(1)(D) (statutory maximum); U.S.S.G. § 5G1.1(a) (Nov. 1995) (where statutorily authorized maximum sentence is less than minimum of applicable Guidelines range, statutorily authorized maximum sentence shall be Guidelines sentence). Although Moreno did not object to the imposition of a single 216-month prison term, he could be prejudiced by it in the future if, for example, he were to succeed in having the sentences on Counts 2, 3, and 5 vacated. Cf. United States v. Maynie, 257 F.3d 908, 918-19 (8th Cir. 2001) (unobjected-to issue is reviewed for plain error, which exists where correction of error would result in reduced sentence), cert. denied, 534 U.S. 1151, 535 U.S. 944

(2002). We therefore modify the sentence to concurrent terms of 60 months imprisonment and 2 years supervised release on Count 1, and 216 months imprisonment and 3 years supervised release on each of Counts 2, 3, and 5. See 28 U.S.C. § 2106 (appellate court may modify any judgment of court brought before it for review); cf. United States v. Ashland, Inc., 356 F.3d 871, 875 (8th Cir. 2004) (excising objectionable conditions of probation and letting sentence stand as modified, instead of remanding).

We have found no other non-frivolous issues.

Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court as modified.

_____