# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1542

_____

United States of America,

                    *

      Plaintiff-Appellee,       *

                    * Appeal from the United States

   V.                   * District Court for the Southern

                    * District of Iowa.

Santiago Gomez,           *

also known as Santiago,     *   [PUBLISHED]

                    *

      Defendant-Appellant.    *

_____

Submitted: July 5, 2005
Filed: August 22, 2005

_____

Before MURPHY, HEANEY, AND BEAM, Circuit Judges.

_____

PER CURIAM.

The Supreme Court granted Santiago Gomez's petition for certiorari in this case, vacated our earlier judgment, and remanded for further proceedings in light of <u>United States v. Booker</u>. 125 S. Ct. 1037 (2005). Our earlier opinion affirmed Gomez's sentence and the district court's[1] findings of drug quantity and role in the offense. <u>See</u> <u>United States v. Gomez</u>, No. 03-2871, slip op. (8th Cir. Nov. 1, 2004). Following the mandate of the Supreme Court, we requested supplemental briefing and have now reconsidered Gomez's case in light of <u>Booker</u>. We conclude that he is

_____

[1] The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

not entitled to relief because he did not raise a Sixth Amendment objection to his sentence in the district court and he has not shown plain error in the sentence imposed. See United States v. Pirani, 406 F.3d 543. We also conclude that under all the circumstances his sentence was not unreasonable, Booker, 125 S. Ct. at 765-66, and now substitute this opinion for the one filed on November 1, 2004 which was the basis for the vacated judgment.

Santiago Gomez was convicted by a jury of conspiracy to distribute cocaine. The jury found Gomez responsible for an amount of cocaine in excess of 5 kilograms. This quantity would have given Gomez a base offense level of 32, which combined with his criminal history category II would have resulted in a guideline sentencing range of 135 to 168 months. The district court found him responsible for 58.54 kilograms of cocaine, however, which gave him a base offense level of 36. The court also applied a three level enhancement for his role as a manager or supervisor, and the resulting guideline range was 292 to 365 months. The district court sentenced him to 300 months. Gomez appeals, arguing that the court's findings of drug quantity and role in the offense were not supported by the evidence. He further challenges his sentence as being unconstitutional after Booker.

Gomez argues that 40 kilograms of cocaine were improperly attributed to him. He contends the evidence did not show that he took part in the 40 kilogram transaction involved in the case and that there had been at most preliminary discussions about the deal. He also argues that the transaction was not within the scope of the conspiracy and that the conspiracy was not capable of delivering that amount. The government points to evidence that Gomez was part of the same drug network as those who planned the transaction, that there was an agreement to do the deal, that the transaction was a reasonably foreseeable activity of the conspiracy in which Gomez had an integral role, and that the conspiracy was capable of supplying thousands of kilograms of cocaine. We conclude that the district court did not clearly err in its finding of drug quantity.

Gomez also argues there was no proof he had a managerial or supervisory role in the conspiracy. There was evidence that Gomez controlled the flow of cocaine and that he directed Darryl Wilson, an American distributor of the cocaine, during the course of the conspiracy in regard to the delivery times and locations of the cocaine. There was additional evidence that Gomez ordered the purchase of mobile phones for the conspiracy and that he directed Wilson to travel to Mexico to meet with the leader of the conspiracy. We conclude that the district court did not clearly err in its finding of Gomez's role in the offense.

Gomez argues that he did not forfeit his right to contest the imposition of his sentence as being unconstitutional because he proceeded to trial by jury and objected to the district court's imposition of a sentence based on a higher quantity drug amount than found by the jury. He did not raise any Sixth Amendment issue, however, or object to the application of mandatory sentencing guidelines or cite Apprendi v. New Jersey, 530 U.S. 466 (2000). We thus review his sentence for plain error. United States v. Pirani, 406 F.3d 548-49 (8th Cir. 2005) (en banc).

To establish plain error, Gomez must show (1) an error, (2) that is plain, that not only (3) affected his substantial rights, but also (4) "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 466-67 (1997). The district court treated the guidelines as mandatory so the first two prongs are established. To meet the third prong, Gomez must show a "reasonable probability" that the district court would have imposed a more lenient sentence under the now advisory guidelines. Pirani, 406 F.3d 551.

Gomez maintains that the significant increase in the sentencing range caused by the court's holding him responsible for over 50 kilograms of cocaine and the imposition of a sentence toward the bottom of the range create a reasonable probability that the district court would have imposed a lesser sentence under an advisory guideline system. Gomez fails to point to anything in the record to show

-3-

that the district court actually considered the sentence it imposed to be unjust, however. Moreover, the court imposed a 300 month sentence when it could have sentenced him to 292 months at the bottom of the guideline range. We conclude that Gomez has failed to establish that the court would have imposed a lesser sentence under an advisory guideline regime.

We also review Gomez's sentence for unreasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). See Booker, 125 S. Ct. at 765-66. Gomez was actively involved in a drug conspiracy that involved over 50 kilograms of cocaine and millions of dollars. The trafficking consistently crossed state and national boundaries. Gomez knowingly contributed to the conspiracy's growth and the infrastructure necessary for the conspiracy to continue. In light of Gomez's involvement in the conspiracy and the danger the conspiracy posed to the public, the district court's determination that 300 months imprisonment "adequately protects the public and provides appropriate punishment for the defendant" is not unreasonable. 18 U.S.C. § 3553(a)(2)(A)-(C).

Finally, Gomez argues that it would violate his due process rights if this court were to rely on Pirani, 406 F.3d 543, in deciding his case because Judge Steven M. Colloton, a member of the en banc court, was the United States Attorney who previously oversaw Gomez's prosecution.[2] This argument is without merit. Gomez is subject to the same laws that govern other criminal defendants, and the en banc decision in Pirani, 406 F.3d 543, applies to all criminal sentencing appeals in this circuit when relevant. This panel's application of the rule of Pirani to Gomez's case does not infringe on his due process rights.

Accordingly, we affirm the judgment of the district court.

---

[2]Judge Colloton has recused himself from all cases for which he was responsible prior to his appointment.

HEANEY, Circuit Judge, concurring.

I continue to believe that a defendant's challenge to the factual basis for a sentence enhancement preserves his Sixth Amendment sentencing claim. See United States v. Pirani, 406 F.3d 543, 555-62 (en banc) (Heaney, J., dissenting). Moreover, I adhere to the view stated by Judge Bye in Pirani, that defendants who did not properly preserve their Booker claims in the district court are nonetheless generally entitled to resentencing under a constitutional regime. Pirani, 406 F.3d at 562-67 (Bye, J., dissenting). Because a majority of our court held to the contrary on both counts, however, I concur.

_____