# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1709

_____

United States of America,     *

                                      *

        Appellee,          *

                                      *     Appeal from the United States

    v.                          *     District Court for the

                                      *     District of Nebraska.

John E. Davis,             *

                                      *        [PUBLISHED]

        Appellant.        *

_____

Submitted: October 17, 2005
Filed: March 30, 2006

_____

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

This case is before us on remand from the Supreme Court for reconsideration in light of <u>Booker v. United States</u>, 543 U.S. 220, 233 (2005), which declared that the mandatory application of the Guidelines based on judge-found facts violates the Sixth Amendment.  Having done as directed by the Court and considered Davis's sentence in light of <u>Booker</u>, we reinstate our panel opinion and affirm Davis's conviction and sentence.

The facts of the case are set out in our prior panel opinion at United States v. Davis, 357 F.3d 726 (8th Cir. 2004), cert. granted, judgment vacated by, 543 U.S. 1099 (2005), and we repeat the facts here only as relevant to Davis's Booker claim. Davis was convicted by a jury of conspiracy to distribute 500 grams or more of methamphetamine, tampering with a witness, and discharging a firearm during the commission of a drug offense. In preparing the Presentence Investigation Report (PSR), the probation officer attributed 9.56 kilograms of methamphetamine to Davis, resulting in a base offense level of 36. Davis objected to the PSR's drug quantity, arguing that "[t]he witnesses called by the AUSA provided contradictory testimony, and were motivated by a self-serving interest. Davis should not be punished beyond what the jury's verdict reaches, which would be 500 grams to 1500 grams." (Objection to PSR at 1.) At sentencing, Davis's attorney discussed the trial evidence concerning various drug transactions and whether they should be attributed to Davis, stating that "[e]ssentially, . . . whether we believed Brian Robson [a coconspirator] is probably going to carry this issue." (Sent. Tr. at 2142.) Davis abandoned any reliance on the jury's quantity findings when, in response to the district court's[1] query as to the quantity established by the record, Davis's attorney responded, "when I look through the records, the amounts that were verified by other individuals, I believe, is consistent with what Brian Robson got . . ., 1.5 to 5 kilograms." (Id. at 2146-47.)

"The argument that a Booker error occurred is preserved if the defendant below argued Apprendi[2] or Blakely[3] error or that the Guidelines were unconstitutional." United States v. Pirani, 406 F.3d 543, 549 (8th Cir.) (en banc) (internal marks omitted), cert. denied, 126 S. Ct. 266 (2005). Although Davis objected to the drug quantity contained in the PSR and stated that he should not be punished beyond what

---

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

[2]Apprendi v. New Jersey, 530 U.S. 466 (2000).

[3]Blakely v. Washington, 542 U.S. 296 (2004).

was established by the jury verdict, the premise of his jury limitation to the drug quantity was based on the questionable nature of the evidence offered by his coconspirators, not the unconstitutionality of allowing a district court to determine drug quantity by a preponderance of the evidence. In his first appeal, "Davis argue[d] that the district court erred in relying upon the testimony of cooperating witnesses to calculate the amount of drugs involved in the conspiracy," 357 F.3d at 729, clearly a challenge to the sufficiency of the evidence of drug quantity. Our en banc court has explicitly rejected objections to the sufficiency of the evidence as preserving Booker error. Pirani, 406 F.3d at 550 (abrogating United States v. Coffey, 395 F.3d 856 (8th Cir. 2005), to the extent it found a sufficiency-of-the-evidence challenge sufficient to preserve Booker error, and rejecting the statement, "when you talk about sending people to prison . . . the burden of proof should be beyond a reasonable doubt," as preserving Booker error where it was not coupled with a reference to Apprendi, Blakely, or the Sixth Amendment); see also United States v. Gomez, 419 F.3d 835, 838 (8th Cir.) (reviewing Booker claim for plain error despite an objection to a drug quantity greater than the jury findings where the objection was not premised on the Sixth Amendment or the mandatory application of the Guidelines), cert. denied, 126 S. Ct. 597 (2005). Davis's objection was nothing more than a sufficiency-of-the-evidence argument, and it did not preserve a Booker claim. We therefore review his challenge for plain error. Id.

While we now know that the district court understandably plainly erred in sentencing Davis based on judge-found facts under a mandatory sentencing regime, see Pirani, 406 F.3d at 550, Davis has failed to meet his burden of establishing the third prong of the plain error analysis, that the error affected his substantial rights, which requires that he "establish 'a reasonable probability, based on the appellate record as a whole, that but for the error he would have received a more favorable sentence,'" United States v. Galaviz-Luna, 416 F.3d 796, 801 (8th Cir.) (quoting Pirani, 406 F.3d at 552) (some internal marks omitted), cert. denied, 126 S. Ct. 814 (2005). Indeed, Davis admits that "the record is devoid of any suggestion that [the

district court] would have imposed a more favorable sentence." (Appellant's Suppl. Br. at 7.) In the first appeal, we affirmed the district court's calculation of the then-mandatory Guidelines range, which was 360 months to life, and Davis cannot quarrel with that calculation now; if this case were to be remanded, it would become the correct advisory Guidelines range. Faced with that range, the district court sentenced Davis to life in prison, the top of the range. Davis cannot establish that he would have received a more favorable sentence if the district court had sentenced him under an advisory scheme consistent with Booker when the district court, applying the Guidelines as mandatory, did not use what discretion it had to sentence him to a lower sentence within the properly-calculated Guidelines range. See United States v. Liner, 435 F.3d 920, 926 (8th Cir. 2006) (defendant failed to meet third prong of plain error analysis where he was sentenced at the top of the Guidelines range); United States v. Staples, 435 F.3d 860, 865 (8th Cir. 2006) (same); cf. Pirani, 406 F.3d at 553 (holding that a sentence at the bottom of a Guidelines range "is insufficient, without more," to meet the third prong of the plain error analysis).

Davis urges us to ignore the requirement that the record must establish a reasonable probability that, but for the Booker error, the district court would have given him a lesser sentence because he was sentenced over a year prior to the Blakely ruling, and holding him to such an impossible standard would be unfair. First, we are without authority to do so; Davis is not alone in his circumstances, and we have consistently and repeatedly held defendants to the Pirani plain error standard when they were sentenced pre-Blakely. See, e.g., United States v. Lopez, 431 F.3d 313, 316-17 (8th Cir. 2005) (applying plain error standard despite fact that defendant understandably failed to raise the issue when he was sentenced pre-Blakely). Second, the district court's sentence at the top of the Guidelines range completely dissipates any residual doubt we might have had about whether Davis would have received a more lenient sentence if the district court had treated the Guidelines as advisory as required by Booker.

The district court's judgment is affirmed.

_____