# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1838

_____

United States of America,           \*
                                               \*

             Appellee,           \*

                                               \*    Appeal from the United States

     v.                            \*    District Court for the

                                             \*    Northern District of Iowa.

Steven E. Smith,                \*

                                             \*      [UNPUBLISHED]

             Appellant.        \*

_____

Submitted: June 23, 2005
Filed: August 29, 2006

_____

Before BYE[1] and RILEY, Circuit Judges, and HOVLAND,[2] District Judge.

_____

PER CURIAM.

This case is before us on remand from the United States Supreme Court for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005). Steven E.

_____

[1]Following remand of this case by the United States Supreme Court, the Honorable Kermit E. Bye was appointed to replace the Honorable Richard S. Arnold, an original member of this panel, who died on September 23, 2004.

[2]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

Smith (Smith) appeals the 74-month sentence the district court[3] imposed following his guilty plea to credit card fraud, in violation of 18 U.S.C. § 1029(a)(5), (b)(1), and (c)(1)(A)(ii). For reversal, Smith argues the district court erred by sentencing him using the Sentencing Guidelines as mandatory in violation of <u>Booker</u>.

Because Smith never raised any Sixth Amendment issue or objected to the district court's mandatory application of the Guidelines during sentencing, we review his sentence for plain error. <u>See</u> <u>United States v. Pirani</u>, 406 F.3d 543, 550 (8th Cir.) (en banc), <u>cert. denied</u>, 126 S. Ct. 266 (2005). The district court (understandably) committed error by sentencing Smith under a mandatory Guidelines scheme. However, this error was not prejudicial because the record does not show any reasonable probability Smith would have received a more favorable sentence under an advisory Guidelines scheme.

After determining the applicable Guidelines range was 59 to 74 months, the district court imposed a sentence at the top of the Guidelines range. In doing so, the district court referred to the 74-month sentence as "the very top sentence that I can give under the [Guidelines] computations." Smith cannot establish he would have received a more favorable sentence when the district court, sentencing him under a mandatory Guidelines scheme, did not use what discretion it had to sentence Smith to a lower term of imprisonment within the properly-calculated Guidelines range. <u>See</u> <u>United States v. Davis</u>, 442 F.3d 681, 684 (8th Cir. 2006) (holding the defendant failed to demonstrate, for purposes of plain error review, that he would have received a more favorable sentence where the sentence imposed was at the top of the Guidelines range).

---

[3]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Because the district court's statement and imposed sentence do not support a finding of prejudice, we conclude Smith has not demonstrated plain error warranting relief. Accordingly, we affirm.

_____